UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHELE TOURANGEAU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00012-JAW |
| ) | |
| NAPPI DISTRIBUTORS, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTIONS TO SEAL**

On November 12, 2021, Michele Tourangeau and Nappi Distributors (Nappi) filed a joint motion to seal six depositions and two spreadsheets they had filed with the Court in relation to Nappi's motion for summary judgment. *Jt. Mot. to Seal* (ECF No. 66). The motion asked that these documents "remain confidential in accordance with the Confidentiality Order entered into on May 10, 2021." *Id.* at 2. The motion offered no other justification for sealing, except to allude generally to the "Court's privacy rules." *Id.* at 1. On November 15, 2021, Nappi filed a separate motion to seal. *Def.'s Unopposed Mot. to Seal* (ECF No. 68). In this motion, Nappi moved unopposed to seal two exhibits to two depositions, a screenshot of text messages between Ms. Tourangeau and Daniel Toolan, and an email exchange between Ms. Tourangeau and Paul Carr. *Id.* at 1. Again, the motion proposed that the documents must "remain confidential in accordance with the Court's privacy rules or the Confidentiality Order entered into on May 10, 2020." *Id.*

On November 17, 2021, in response to the motions to seal, the Court issued a four-page order, explaining its understanding of First Circuit and District law on

sealing and ordering the parties to submit specific justification for sealing the documents subject to the pending motions to seal. *Order* (ECF No. 70). In its November 17, 2021 order, the Court quoted from *United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013), in which the First Circuit distinguished between confidentiality for discovery and confidentiality for judicial records, which *Kravetz* defined as "materials on which a court relies in determining the litigants' substantive rights." *Order* at 3 (quoting *Kravetz*, 706 F.3d at 54). In its November 17, 2021, order, the Court explained that a confidentiality order entered into by the parties for purposes of discovery does not automatically apply to documents submitted as public records for a judicial decision. *Order* at 2 (quoting D. ME. LOC. R. 7A(e)(2) ("Documents marked confidential pursuant to an existing protective order may not automatically be filed under seal")). The Court noted that under *Kravetz*, once a document is deemed a judicial record, a presumption of public access applies and a court may seal such a document only when the proponent of the sealing offers a "sufficient justification for sealing." *Id.* at 3 (quoting *Kravetz*, 706 F.3d at 61). Finally, the Court observed that the First Circuit offered redaction as a "viable tool" where a portion of the judicial record contained confidential information. *Id.* at 4 (quoting *Kravetz*, 706 F.3d at 63).

On November 23, 2021, Nappi responded with a supplement in support of the motions to seal. *Def.'s Suppl. to Jt. and Unopposed Requests to Seal Docs. Submitted as Part of the Mot. for Summ. J. Record* (ECF No. 73) (*Def.'s Suppl.*). Unfortunately, in its supplement, Nappi effectively ignored the Court's November 17, 2021 order.

2

Citing the Court's Confidentiality Order, Nappi emphasized its concern for "the disclosure of private financial information of non-parties to the litigation" and the "disclosure of company sales and financial data." *Id.* at 1. Nappi submitted that it would not have produced certain documents during discovery, pursuant to the Confidentiality Order, had it known there was a possibility that they would later become public. *Id.* at 2.

After summarizing why the parties decided to file redacted versions of the documents at issue for the public record and to move jointly for the sealing of the unredacted versions, Nappi concluded that "the parties have conferred and attempted to resolve the issue of whether redacted versions of the pertinent documents are adequate to allow the Court to rule on the summary judgment motion." *Id.* at 3. "Since the parties were unable to do that, they agreed upon an approach that would allow the Court to resolve that question as part of its decision on the summary judgment motion." *Id.* "The parties submitted redacted versions of the pertinent documents for the purposes of the public record and unredacted versions of those same documents for the Court's assessment and resolution of that disagreement." *Id.* With this explanation, Nappi renews its request that the Court grant the pending motions to seal. *Id.* at 3-4.

Nappi's supplementary response is markedly unsatisfactory. Despite the Court having written a detailed order explaining the standards for sealing under First Circuit law and District of Maine Local Rule 7A, Nappi failed to address any of these standards and failed even to cite *Kravetz*. Except for some filings containing

3

nudity, Nappi did not offer specific justifications for sealing any specific documents in the face of the presumption of public access. Instead, Nappi insisted that the Court should honor its misreading of Local Rule 7A and the confidentiality orders entered into for purposes of discovery and that it should enforce the parties' confidentiality desires simply because the parties have agreed that it should, regardless of what the First Circuit says.

Once again, the burden is on the proponent of sealing to review the relevant records and provide the Court with specific reasons to issue a sealing order for specific documents. The only legal citation in Nappi's entire supplement is 26 M.R.S. § 631, a Maine statute that requires an employer to "take adequate steps to ensure the integrity and confidentiality of [personnel] records." Assuming Nappi has a statutory obligation to maintain the confidentiality of the records of other employees, the Court reminds Nappi that the First Circuit has expressly written that "redaction remains an available tool." *Kravetz*, 706 F.3d at 63. Nappi has not demonstrated that the privacy interests of other employees could not be satisfied by redaction or by insertion of real or assumed initials for names.

A general assertion of the "privacy and proprietary interests" at stake or the sensitive nature of documents is insufficient to defeat the presumption of public access. Without such a demonstration from the parties, the onus is on the Court to make a "detailed explanation" to justify sealing. *Kravetz*, 706 F.3d at 60. The parties may make their case for sealing proprietary information in the documents at issue but have not done so yet. The sole exception is the exhibits containing nudity, which

4

by their very nature should not be on a public record in federal court, and the Court agrees that those filings may remain sealed.

Nappi suggests that the Court should write up its order on the motion for summary judgment and, based on the documents the Court deems material to its decision, unseal only those documents and seal the rest. The Court rejects this suggestion. Apart from imposing the burden of justifying the sealing on the Court and not the parties, this approach is barred by the First Circuit. In *Kravetz*, the defendant argued that the documents may be made part of the public record only to the extent they affected the judge's sentence. 706 F.3d at 58. The First Circuit wrote that this argument "is foreclosed by [*FTC v.*] *Standard Financial Management* [*Corp.*, 830 F.2d 404 (1st Cir. 1987)]." *Id.* at 58. The test is not whether a court actually relied on the documents but whether the parties submitted "relevant documents . . . to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings[.]" *Id.* If so, the documents "become documents to which the presumption of access applies." *Id.* Here, presumably, the parties submitted the documents to influence this Court's ruling on the dispositive motion. As such, the documents are subject to the presumption of public access and the parties, not the Court, must demonstrate a particular reason they should be sealed.

To allow the parties to provide specific suggestions in accordance with the law of the First Circuit as to what should be sealed and why, as well as to what can be redacted, the Court DEFERS ruling for one week on the pending motions to seal to

5

await the parties' response to this Order.  The Court GRANTS the pending motions to seal those portions of the attached documents containing nudity.

    SO ORDERED.

                                <u>/s/ John A. Woodcock, Jr.</u>
                                JOHN A. WOODCOCK, JR.
                                UNITED STATES DISTRICT JUDGE

Dated this 14th day of December, 2021