UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHELE TOURANGEAU, )<br>　)<br>　Plaintiff, )<br>　)<br>　v. )<br>　)<br>NAPPI DISTRIBUTORS, )<br>　)<br>　Defendant. ) | No. 2:20-cv-00012-JAW |

**THIRD ORDER ON MOTIONS TO SEAL**

The parties seek to seal documents submitted to influence this Court's ruling on the dispositive summary judgment motion. As the Court has previously explained to the parties, these documents are subject to the presumption of public access and the parties, not the Court, must demonstrate a particular reason they should be sealed. The defendant's latest proposal about how the Court should handle sealing still does not comport with First Circuit law, and the defendant has also failed to demonstrate why business or privacy interests cannot be addressed with redaction or pseudonyms.

**I.　PROCEDURAL HISTORY**

On November 12, 2021, Michele Tourangeau and Nappi Distributors (Nappi) filed a joint motion to seal six depositions and two spreadsheets filed with the Court as part of the summary judgment record. *Joint Mot. to Seal* (ECF No. 66). The parties asked that these documents "remain confidential in accordance with the Confidentiality Order entered into on May 10, 2021," which alluded generally to the "Court's privacy rules." *Id.* at 1-2. On November 15, 2021, Nappi filed a separate

motion to seal two exhibits to two depositions, screenshots of text messages between Ms. Tourangeau and Daniel Toolan, and email exchanges between Ms. Tourangeau and various Nappi employees and third parties. *Def.'s Unopposed Mot. to Seal* at 1 (ECF No. 68). Again, Nappi's motion proposed that the documents must "remain confidential in accordance with the Court's privacy rules or the Confidentiality Order entered into on May 10, 2020." *Id.*

On November 17, 2021, in response to the motions to seal, the Court ordered the parties to submit specific justification for sealing the documents subject to the pending motions to seal. *Order* at 4 (ECF No. 70). The Court explained that, under Local Rule 7A, a confidentiality order entered into by the parties for purposes of discovery does not automatically apply to documents submitted as public records for a judicial decision. *Id.* at 2 (quoting D. ME. LOC. R. 7A(e)(2) ("Documents marked confidential pursuant to an existing protective order may not automatically be filed under seal")). The Court noted that under *United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013), once a document is deemed a judicial record, a presumption of public access applies and a court may seal such a document only when the proponent of the sealing offers a "sufficient justification for sealing." *Id.* at 3 (quoting *Kravetz*, 706 F.3d at 61). Finally, the Court pointed to redaction as a "viable tool" where only a portion of the judicial record contains confidential information. *Id.* at 4 (quoting *Kravetz*, 706 F.3d at 63).

On November 23, 2021, Nappi responded with a supplement in support of the motions to seal. *Def.'s Suppl. to Joint and Unopposed Requests to Seal Docs.*

2

*Submitted as Part of the Mot. for Summ. J. R.* (ECF No. 73) (*Def.'s Suppl.*).  Citing the Court's Confidentiality Order, Nappi emphasized its concern for "the disclosure of private financial information of non-parties to the litigation" and the "disclosure of company sales and financial data." *Id.* at 1.  Nappi submitted that it would not have produced certain documents during discovery, pursuant to the Confidentiality Order, had it known there was a possibility that they would later become public.  *Id.* at 2.

Nappi explained that "[t]he parties submitted redacted versions of the pertinent documents for the purposes of the public record and unredacted versions of those same documents for the Court's assessment and resolution of [their] disagreement" over "whether redacted versions of the pertinent documents are adequate to allow the Court to rule on the summary judgment motion." *Id.* at 3.  Except for some filings containing nudity, *see id.* at 2, Nappi still did not offer specific justifications for sealing any specific documents in the face of the presumption of public access, as ordered by the Court.

On December 14, 2021, the Court issued a supplemental order on the sealing issue.  *Order on Mots. to Seal* (ECF No. 78) (*Suppl. Order*).  The Court rejected Nappi's suggestion that it "write up its order on the motion for summary judgment and, based on the documents the Court deems material to its decision, unseal only those documents and seal the rest"  because "[a]part from imposing the burden of justifying the sealing on the Court and not the parties, this approach is barred by the First Circuit" as discussed in *Kravitz*.  *Id.* at 5.  The Court granted Nappi's request to seal portions of the documents containing nudity but otherwise deferred ruling on the

3

pending motions to seal "[t]o allow the parties to provide specific suggestions in accordance with the law of the First Circuit as to what should be sealed and why, as well as to what can be redacted." *Id.* at 5-6. On December 21, 2021, Nappi responded to the Court's Order. *Defs.' Second Suppl. to Joint and Unopposed Requests to Seal Docs. Submitted as Part of the Mot. for Summ. J. R.* (ECF No. 79) (*Def.'s Second Suppl.*).

## II.   NAPPI'S JUSTIFICATION FOR SEALING

Nappi again presents the parties' disagreement over how they should "handle the documents and testimony that are subject to the Court's Confidentiality Order" in filing the summary judgment record. *Def.'s Second Suppl.* at 1. Nappi says that the parties agreed on a plan that "would afford the Court the opportunity to determine whether the redacted versions of the documents are sufficient to allow the Court to resolve the summary judgment motion (as [Nappi] believes) or whether some or all of the redacted material is necessary for the Court's resolution of the motion." *Id.* at 1-2. "If the latter," Nappi suggests "the Court could then unseal the unredacted versions of the pertinent documents to address the need for public access." *Id.* at 2.

Turning to its specific sealing requests, Nappi submits that the documents subject to its unopposed motion to seal "contain[] information that, by rule, should have been redacted," and not made part of the public record. *Id.* (citing FED. R. CIV. P. 5.2). Nappi filed "replacement documents that are properly redacted." *Id.*; *see also Ex. 1 to Dep. Tr. of Elmer Alcott* (ECF No. 80) (images containing nudity redacted);

4

*Redacted Dep. of Michele Tourangeau with Exs.* (ECF No. 74) (minor child's name redacted).

As to the parties' joint motion to seal, Nappi acknowledges their burden to provide "legitimate and identifiable reasons" to seal specific documents and the First Circuit's instruction to district courts to "weigh the presumptively paramount right of the public to know against the competing private interests at stake." *Def.'s Second Suppl.* at 2 (quoting *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987)). Nappi submits "there are two special circumstances in need of consideration: the privacy rights of non-parties whose private information is contained within the materials, and the Defendant's legitimate business interests." *Id.* at 2-3.

First, Nappi urges that under the First Circuit's *Kravetz* standard "the privacy rights of third parties are among those interests which . . . can limit the presumptive right of access to judicial records." *Id.* at 3 (citing *Kravetz*, 706 F.3d at 62). It "seeks to seal documents containing personal information, including compensation data for identified non-party employees" as well as "deposition transcripts contain[ing] deponents' addresses, educational background, employment history, names of their family members, ages of their minor children, relationship statuses, interpersonal disputes between uninvolved parties, and other irrelevant private personal information." *Id.* Nappi again refers to the parties' agreement to submit "the entire deposition transcripts, with the understanding that they would be sealed pending the Court's review as to whether the disputed information is relevant to resolving the summary judgment motion." *Id.*

5

Nappi urges that public disclosure of private third party information "could wreak havoc in their lives, both personally and professionally" and emphasizes that "these third parties relied upon the Confidentiality Order in place when complying with discovery in this lawsuit." *Id.* at 3-4. It asks that these unredacted documents remain "sealed at least until the Court has determined whether the redacted information is pertinent" to its resolution of the pending summary judgment motion. *Id.* at 4. "If the Court decides that the redacted information is necessary for the Court's resolution of the summary judgment motion, then the Court can decide whether the public's interest in the disputed information outweighs the private interest of the involved non-parties." *Id.*

Second, Nappi asks the Court to consider its business interests, namely "the value of trade secrets and proprietary information" and its concern for "commercial competitors seeking an advantage over rivals." *Id.* (citing *Kravetz*, 706 F.3d at 62; *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (*Amodeo II*)). It "seeks to seal spreadsheets that contain proprietary information pertaining to one of its clients, including profits and monthly sales tracking" and the depositions of Christine Fox, Matt Watson, and Frank Nappi, Jr., which "contain information about employee compensation and incentives." *Id.* Nappi explains that as a privately owned family business it "does not answer to public shareholders," and that public disclosure of this information as a result of this litigation "would irrevocably damage Nappi's competitive position in the wholesale beer and wine sales market." *Id.* at 5. Nappi similarly requests that these "unredacted documents should be sealed at least until

the Court has made a determination as to the relevance of the disputed information to the resolution of" the summary judgment motion. *Id.* at 5.

Nappi concludes by urging that its suggested "approach ensures that irrelevant proprietary information remains confidential and all information pertinent to the substantive issues on summary judgment can be assessed by the Court once the issues on summary judgment are resolved." *Id.*

### III.   LEGAL STANDARD

When determining whether a judicial record contains private information that may justify sealing, the First Circuit instructs courts to "consider the degree to which the subject matter is traditionally considered private rather than public." *Kravetz*, 706 F.3d at 62 (quoting *In re Bos. Herald, Inc.*, 321 F.3d 174, 190 (1st Cir. 2003)). Thus, "[f]inancial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." *Id.* (quoting *Amodeo II*, 71 F.3d at 1051). Under *Kravetz*, district courts should also consider the "nature and degree of injury" that will arise from revealing private information about third parties. *Id.* (quoting *Amodeo II*, 71 F.3d at 1051). This analysis requires assessing "not only the sensitivity of the information and the subject but also . . . how the person seeking access intends to use the information." *Id.* (quoting *Amodeo II*, 71 F.3d at 1051).

Generally, "[t]he trial court enjoys considerable leeway" in "balanc[ing] the competing interests that are at stake in [a] particular case," *Siedle v. Putnam Invs.*,

7

*Inc.*, 147 F.3d 7, 10 (1st Cir. 1998), although in the "balancing of interests . . . the scales tilt decidedly toward transparency." *Nat'l Org. for Marriage v. McKee*, 649 F.3d 34, 70 (1st Cir. 2011). Notably, "[r]uling on a motion to seal does not require a district court to make a binary choice between a blanket seal or providing unfettered public access to sensitive information." *United States v. Nuñez*, 1:11-cr-00205-JAW-06, 2021 U.S. Dist. LEXIS 52759, at *13 (D. Me. Mar. 22, 2021); *see also Taylor v. Grunigen*, No. 19-11947-MBB, 2022 U.S. Dist. LEXIS 18647, at *5-6 (D. Mass. Feb. 2, 2022) ("Sealing virtually the entire summary judgment record, including the exhibits, deprives the public of access to material that adjudicates substantive rights which may avoid a trial"). Instead, "where the public's right of access competes with privacy rights, 'it is proper for the district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document.'" *Kravetz*, 706 F.3d at 62 (quoting *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) (*Amodeo I*)).

## IV. DISCUSSION

### A. Nappi's Proposal and *Kravetz*

#### 1. Relevance for the Purposes of Sealing

First, as the Court noted in its previous order on this issue, Nappi's proposal – namely to seal only those documents that the Court actually relies on deciding the motion for summary judgment – is foreclosed by First Circuit law. *See Suppl. Order* at 5 (addressing and rejecting Nappi's proposal in accordance with First Circuit law). As the Court explained in that previous order, the First Circuit rejected a similar

argument in *Kravetz*. 706 F.3d at 58 (citing *Standard Fin. Mgmt Corp.*, 830 F.2d at 409).

In *Standard Financial Management Corporation*, the First Circuit set forth the definition of relevance for purposes of sealing: "[W]e rule that relevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of public access applies." 830 F.2d at 409. Thus, in the First Circuit, if a party submits a document to assist the court in adjudicating a pending motion, it is a relevant document for purposes of *Kravetz* regardless of whether the judge actually relies on the document in resolving the case. *See Kravetz*, 706 F.3d at 58-59 (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006) ("If the rationale behind access is to allow the public an opportunity to assess the correctness of the judge's decision . . . documents that the judge <u>should</u> have considered or relied upon, but did not, are just as deserving of disclosure as those that actually entered into the judge's decision") (emphasis in *Lugosch*)).

Just as the public has a right to know the evidence the Court relied on in adjudicating a motion before it, the public also has a right to know what evidence the Court *did not* rely upon in resolving the issue. All documents presented to the Court by the parties are "relevant" insofar as they enable the public to understand how the Court made its decision *and* to assess the correctness of its decision based on evidence the Court did not rely upon. Thus, the Court rejects Nappi's suggested resolution to the sealing issue and declines to unseal only those unredacted documents ultimately

9

relied upon for the purposes of summary judgment. *See Cole v. Me. Off. of Info. Tech.*, No. 1:17-cv-00071-JAW, 2018 U.S. Dist. LEXIS 676, at *4-5 (D. Me. Jan. 3, 2018) (explaining the right of public access presumptively applies, not upon the Court's resolution of an issue, but "once a party submits information to a court and urges consideration of the information for purposes of making a judicial ruling" (citing *Kravetz*, 706 F.3d at 54)).

### 2.     The Discovery Confidentiality Order

Second, Nappi's argument that because certain information was released under a confidentiality order, that same information is entitled to sealing, is simply incorrect. As noted in its previous orders, the Court rejects Nappi's misreading of Local Rule 7A and the Court is perplexed that Nappi would choose to rely on this rejected argument once again. *See Suppl. Order* at 4 ("Nappi insisted that the Court should honor its misreading of Local Rule 7A and the confidentiality orders entered into for purposes of discovery and that it should enforce the parties' confidentiality desires simply because the parties have agreed that it should, regardless of what the First Circuit says").

*Kravetz* distinguishes purely discoverable material, which is not subject to public access, from judicial records, namely documents submitted to assist the Court in making a judicial decision, which are subject to the presumption of public access. 706 F.3d at 54. The First Circuit explained in *Kravetz* that "[f]ollowing *Seattle Times [Co. v. Rhinehart*, 467 U.S. 20 (1984)], the courts of appeals have uniformly held that the public has no common law or constitutional right of access to materials that are

gained through civil discovery but neither introduced as evidence at trial nor submitted to the court as documentation in support of motions or trial papers." *Id.* at 55. Although litigants attempt to rely on confidential designation as "[a] common justification . . . for sealing a court filing," "[t]he 'good cause' that justifies an umbrella protective order at the discovery stage . . . is not sufficient to meet the heightened standard to seal filings about dispositive motions or trial." *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 448 (D. Mass. 2015). For Nappi to persist in arguing that because it released documents during the discovery period under a confidentiality order, it should be allowed to seal them from the public when they are submitted as judicial records for purposes of a dispositive motion is an obstinate misreading of the law, particularly since this Court has repeatedly ruled to the contrary, citing First Circuit authority.

The fact that a confidentiality order was in place during discovery has no bearing on the issue of whether certain documents submitted for the pending motion for summary judgment should be sealed. The Court addressed the confidentiality order in its November 17, 2021 order and again on December 14, 2021, but Nappi continues to insist that because it revealed certain information under a confidentiality order, it is entitled to seal that information when submitted on a motion for summary judgment. Once again, this is not the law. To seal filings related to non-discovery pretrial motions such as summary judgment, "the party seeking to overcome the presumption of public access must demonstrate significant

11

countervailing interests, like the existence of trade secrets in the documents or confidential business information." *Bradford & Bigelow,* 109 F. Supp. 3d at 448.

Nappi says that the parties only disclosed certain materials in discovery because of the confidentiality order and with the understanding that such documents would remain sealed. However, Nappi was on notice based on the language of Local Rule 7A and controlling First Circuit precedent, that the confidentiality order cannot form the basis of a motion to seal at this stage in the litigation, as the confidentiality order in this case expressly provides: "Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial." *Confidentiality Order* ¶ 10 (ECF No. 46). Moreover, Local Rule 7A(e)(2) also explicitly warns that "[d]ocuments marked confidential pursuant to an existing protective order may not automatically be filed under seal." D. ME. LOC. R. 7A(e)(2).

This Court is obligated to follow First Circuit law, which makes clear that a discovery confidentiality order is not a sufficient basis for a court to seal a document when submitted as part of the official judicial record. *See Bradford & Bigelow*, 109 F. Supp. 3d at 449 (following the First Circuit's rule to reject a party's broad request to seal business records on the basis of a confidentiality stipulation).

### B. Nappi's First Concern: Confidential Business Information

"In civil cases, interests which courts have found sufficient to justify impoundment include trade secrets [and] confidential business information, information covered by a recognized privilege . . . and information required by statute

12

to be sealed." *Velcro Grp. Corp. v. Zijlstra*, 180 F. Supp. 3d 106, 107 (D. Mass. 2016) (citing *Bradford & Bigelow*, 109 F. Supp. 3d at 446; *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 546 (7th Cir. 2002)). Here, Nappi seeks to seal spreadsheets that "contain proprietary information pertaining to one of its clients, including profits and monthly sales tracking." *Def.'s Second Suppl.* at 4. Nappi also seeks to seal certain depositions containing non-party employee compensation and incentives data.

District courts may seal company records to "prevent [the] records from becoming . . . 'sources of business information that might harm a litigant's competitive standing.'" *In re Gitto Glob. Corp.*, 422 F.3d 1, 6 (1st Cir. 2005) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also AngioDynamics, Inc. v. C.R. Bard, Inc.*, 1:17-cv-00598 (BKS/CFH), 2021 U.S. Dist. LEXIS 109621, at *3-4 (N.D.N.Y. Aug. 6, 2018) (finding "the parties' proposed redactions [of confidential sales and market share information] are sufficiently limited, narrowly tailored and necessary to protect the parties' and [third party's] confidential, competitively sensitive business information in which . . . they have privacy interests that outweigh the strong presumption of public access").

"Employee compensation may constitute confidential business information . . . [which] courts have been willing to protect through seal." *Peters v. Univ. of Pittsburgh*, No. 2:18-cv-732, 2019 U.S. Dist. LEXIS 1318, at *8-9 (W.D. Pa. Jan. 4, 2019) (collecting cases). In *Abiomed, Inc. v. Maquet Cardiovascular LLC*, No. 16-10914, 2021 U.S. Dist. LEXIS 214339 (D. Mass. Nov. 5, 2021), the District Court for the District of Massachusetts agreed to seal references to amounts that the plaintiff

paid a contractor and its revenues for certain products after finding this "confidential financial information . . . outweigh[ed] the presumption of access." *Id.* at *10 (citing *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 586-87 (N.D. Cal. 2020) (finding compelling reasons to seal financial figures and undisclosed marketing plans)); *Baird v. BlackRock Institutional Tr. Co., N.A.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) ("[T]he information contains 'confidential business and financial information relating to the operations of BlackRock,' constituting a sufficiently compelling reason to seal." (quoting a previous order in the case)); *cf. Williams v. U.S. Bank Nat'l Ass'n*, 290 F.R.D. 600, 608 (E.D. Cal. 2013) (denying a motion to seal and noting that "nowhere in the deposition transcript is the amount of the salary disclosed, nor the amount of any incentive, nor the amount of any bonus").

However, courts are generally unwilling to seal business information where the parties fail to explain why the specific, urgent need for confidentiality overrides the public's right of access, or where the business records are outdated or limited in scope. In *Bradford & Bigelow, Inc.*, the plaintiff sought to seal summary judgment filings involving its "customer pricing information," "employee emails and communications," "confidential and proprietary information and trade secrets concerning [its] manufacturing and business processes," "financial information . . . ," "personnel files," and communications with customers." *Bradford & Bigelow*, 109 F. Supp. 3d at 449. The plaintiff failed to "explain why any specific documents should be sealed, but rather contend[ed] that all should be because the parties agreed to keep them secret in the Confidentiality Stipulation." *Id.* The District Court for the District

14

of Massachusetts explained that "[t]he public interest in access is strong and the tradition of public access is robust" where the documents filed "relate to and provide the foundation for dispositive motions." *Id.* The district court denied the broad sealing request unless and until the plaintiff could "establish an overriding interest in sealing" and "ensure that any sealing is narrowly tailored to shield as little from public view as possible." *Id.*; *see also EEOC v. Univ. of Miami*, No. 19-23-131-Civ-Scola, 2021 U.S. Dist. LEXIS 89226, at *5 (S.D. Fla. May 11, 2021) (denying a request to seal documents where the employer failed to "cite any binding authority allowing a trial court to seal salary information in an employment discrimination case due to potential business competition and ha[d] not sufficiently described the documents to allow the Court to make a determination of whether they should be sealed"); *Barrett v. Forest Lab'ys., Inc.*, No. 12-CV-5224, 2015 U.S. Dist. LEXIS 80940, at *3 (S.D.N.Y. June 11, 2015) (declining to seal employees' salary information from six years ago).

The Court has considered the nature and scope of Nappi's business interest in keeping its sales, client, and employee information, or what it deems "trade secrets," sealed. Pay discrimination is at the heart of this case, and in the transcripts at issue, employee deponents were asked about their salary histories and goals, bonuses, percent commissions, and to estimate how different employees' compensation and performance compared. *See Joint Mot. to Seal* (ECF No. 67), Attach. 1, *Dep. of Christine Fox* at 7-9; *id.*, Attach. 2, *Dep. of Frank Nappi, Jr.* at 4-5, 8, 10; *id.*, Attach. 3, *Dep. of Elmer Alcott* at 6; *id.*, Attach. 5, *Dep. of Ian M. Brown* at 8; *id.*, Attach. 6, *Dep. of Matt Watson* at 7, 17; *id.*, Attach. 7, *Dep. of Joline Masters* at 7. The deponents

were also asked about interpersonal disputes and allegations of employee misconduct, including bullying and sexual harassment, at Nappi.  *See id.*, Attach. 7, *Dep. of Joline Masters* at 8-11; *id.*, Attach. 5, *Dep. of Ian M. Brown* at 14.

As the unredacted deposition transcripts include confidential salary information implicating the privacy interests of third parties, the parties may file redacted transcripts to exclude the names, addresses, and contact information of those individuals, with third party employee names replaced with a pseudonym and a description of their role and gender.  *See Lown v. Salvation Army, Inc.*, No. 04 Civ. 01562 (SHS), 2012 U.S. Dist. LEXIS 148701, at *6 (S.D.N.Y. Oct. 12, 2012) (finding that redaction of a former employee's address, contact information and prior salary "vindicates the privacy interest a third-party has in sensitive personal information" but otherwise denying a request to seal "[t]he remaining information—essentially each employee's professional and educational history—[which] appears unremarkable").  Because name redaction is appropriate in this particular case, and because the generally sensitive testimony regarding interpersonal issues and Nappi employees' opinions of each other's work and compensation is pertinent to Ms. Tourangeau's claims, a complete sealing of the deposition transcripts is unwarranted.  *See Kravetz*, 706 F.3d at 64 (noting that "a fear of adverse publicity . . . is insufficient to defeat public access").

As to the spreadsheets reflecting Nappi's monthly breakdown, by supplier and brand, of units sold to a client from 2018 to 2020, including a version with handwritten gross sales totals, numbers of items sold, and other information on

16

Nappi's margins, commissions, and incentives. *Joint Mot. to Seal* (ECF No. 67), Attachs. 7 and 8, *Rolling Periods Spreadsheets*. This sales data is limited to a single client, for which Ms. Tourangeau claims she was wrongfully denied incentive compensation when she was the client's account manager. Nappi has not met the high bar of demonstrating harm from disclosure of this limited set of past sales data, particularly as it relates to Ms. Tourangeau's role at Nappi and her allegations. Nor has Nappi articulated why its competitors would gain an advantage from viewing these documents alone.

Nappi refers broadly to "sales practices, marketing strategies, and specific sales performance" in the depositions, exhibits, and spreadsheets at issue without identifying where this particular information is documented. To the extent that they want such confidential business information sealed, they have not sufficiently described the documents to enable the court to make a decision about the contents. *See Bowen v. Ditech. Fin. LLC*, No. 2:16-cv-00195-JAW, 2017 U.S. Dist. LEXIS 194106, *4 n.1 (D. Me. Nov. 27, 2017) (finding a broad assertion that company documents contain "non-public, confidential and proprietary business and financial information, which [defendant] seeks to prevent their competitors from acquiring" insufficient to invoke the proprietary information exception to the presumption of public access).

### C. Nappi's Second Concern: Personal and Third Party Information

Nappi says the deposition transcripts should be sealed because they reveal the deponents' addresses, education backgrounds, employment histories, names of family

members, ages of minor children, relationship statuses, interpersonal disputes, and other information.

"[P]rivacy rights of participants and third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records." *Kravetz*, 706 F.3d at 62 (alteration in *Kravetz*) (quoting *Standard Fin. Mgmt.*, 830 F.3d at 411). "Third-party privacy interests . . . 'weigh heavily in a court's balancing equation,'" *id.* (quoting *Amodeo II*, 71 F.3d at 1050), but the onus is still on the party trying to shield the information and "only the most compelling reasons can justify non-disclosure of judicial records." *Standard Fin. Mgmt.*, 830 F.2d at 410 (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).

In *United States v. Abdelaziz*, No. 19-10080-NMG, 2022 U.S. Dist. LEXIS 20076 (D. Mass. Feb. 3, 2022). the District Court for the District of Massachusetts found "privacy interests of family members and friends in their personal contact information [should] override the presumption in favor of public access." *Id.* at *2. The district court noted that confidential "contact information has 'no direct bearing upon the public's assessment of the sentences imposed' and, accordingly, redaction will not inhibit the interest of public access to documents which the Court has considered in imposing the sentence." *Id.* (citing *Kravetz*, 706 F.3d at 62).

The Court examined the information Nappi wants sealed to see if it invades the privacy of third parties as Nappi contends. *See In re Boston Herald*, 321 F.3d 174, 190 (1st Cir. 2003) (quoting *Amodeo II*, 71 F.3d at 1051 ("[C]ourts analyzing common law presumption should 'consider the degree to which the subject matter is

18

traditionally considered private rather than public'")); *see also Kravetz*, 706 F.3d at 63 (quoting *Nixon*, 435 U.S. at 598); *Gitto Global Corp.*, 422 F.3d at 6 (stating that courts exercise discretion to abrogate the "right of public access where doing so [is] necessary to prevent judicial records from being 'used to gratify private spite or promote public scandal'" (internal quotation marks omitted) (quoting *Nixon*, 435 U.S. at 598)).

The Court reminds Nappi again that the First Circuit has expressly written that "redaction remains an available tool," *Kravetz*, 706 F.3d at 63, and alternatively, third party employee names could be replaced with a pseudonym. The deponents' addresses and the names and ages of third parties' family members and children can properly be redacted here. As to the third parties' employment history, educational background, relationship statuses, and interpersonal disputes, Nappi has not demonstrated that the privacy interests of its employees could not be satisfied by redaction or by insertion of real or assumed initials for names. The Court will not broadly seal entire transcripts or documents where '[b]eyond citing the terms of the protective order and noting the parties' agreement, [the] defendant fails to identify a sufficient factual basis of potential harm to seal the material." *Taylor*, 2022 U.S. Dist. LEXIS 18647, at *6 (citing *Velcro*, 180 F. Supp. 3d at 107 ("moving party must provide 'a particular factual demonstration of potential harm'") (citation omitted)).

## V.   CONCLUSION

The Court DENIES the Parties' Joint Motion to Seal (ECF No. 66) and Nappi's Unopposed Motion to Seal (ECF No. 68) because redaction is an appropriate,

available tool to remove employee names and identifying information from depositions containing employee salaries, as well as third parties' names, addresses, and ages. The Court declines to broadly seal the entirety of any of these documents without sufficient justification to do so, which Nappi has not provided. The Court GRANTS Nappi two weeks to file redacted copies of the currently sealed documents in accordance with the contents of this Order at which point the documents, as redacted, will be unsealed.

    SO ORDERED.

                                                /s/ John A. Woodcock, Jr.
                                                JOHN A. WOODCOCK, JR.
                                                UNITED STATES DISTRICT JUDGE

Dated this 14th day of March, 2022