## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **MICHELE TOURANGEAU,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No. 2:20-cv-00012-JAW** |
| ) | |
| **NAPPI DISTRIBUTORS,** ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER

Plaintiff Michele Tourangeau, by and through undersigned counsel, hereby opposes the Motion for Leave to Amend Answer filed by Defendant. In this matter the deadline to amend pleadings was June 1, 2020. The discovery deadline was extended until September 2, 2021. Defendant filed its Notice of Intent to File Motion for Summary Judgment on September 9, 2021. Defendant filed its Motion for Summary Judgment on December 6, 2021. Plaintiff filed her Opposition to Defendant's Motion for Summary Judgment on January 10, 2022. Defendant filed its Reply to Plaintiff's Opposition on February 7, 2022. The Motion is pending before the court.

When, as here, the deadline for discovery has passed and notice of intent to file a dispositive motion has been filed (ECF Doc. 53), and dispositive motion has been filed (ECF Doc. 76). The party seeking to amend its pleadings must

1

demonstrate good cause for its failure to do so before the deadline. *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004). This standard focuses on the diligence of the moving party "more than it does on any prejudice to the party-opponent." *Id*. See generally Ergo Licensing. LLC v. Carefusion 303, Inc., Civil No. 08-259-P-S, 2010 U.S. Dist. LEXIS 144556, 2010 WL 373660 (D. Me. Feb. 2, 2010).

Defendant seeks to add the affirmative defense of statutory caps on damages. The statutory damage caps are affirmative defenses and was not plead by Nappi Distributors in its Answer (ECF Doc. 7). Because Nappi Distributors did not assert the damage caps of the Title VII or MHRA the affirmative defense was waived because the company failed to plead them as required by Federal Rule of Civil Procedure 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ."). "Affirmative defenses must be pled or they will generally be deemed waived and excluded from the case." *Jewelers Mut. Ins. v. N. Barquet, Inc.*, 410 F.3d 2, 11 (1st Cir. 2005). *See generally Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) ("good cause" standard focuses on diligence, or lack thereof, of moving party rather than any prejudice to opposing party); *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 327 (1st Cir. 2008) (untimely motion to amend denied when proposed new allegations were based on information moving party had or should have had before deadline).

In March 2021 the First Circuit held that a statutory damage cap "is a statutory limitation on liability, and . . . the defendant . . . has waived the defense by failing to include it in a responsive pleading." *Carrasquillo-Serrano v.*

*Municipality of Canovanas*, 991 F.3d 32, 43 (1st Cir. 2021). *See Jakobsen v. Mass. Port Auth.*, 520 F.2d 810, 813 (1st Cir. 1975) (involving a statutory damage cap). Thus, "a statutory provision limiting damages to a fixed sum constitute[s] an affirmative defense for purposes of Rule 8(c)." *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1226 (1st Cir. 1994).

In *Bell v. O'Reilly* the First Circuit explained that based on the precedent above it has "unequivocally" characterized statutory limitations on liability—including damage caps—as affirmative defenses. *Bell v. O'Reilly Auto Enters.*, LLC, No. 1:16-cv-00501-JDL, 2022 U.S. Dist. LEXIS 45802, at *3 (D. Me. Mar. 15, 2022). See also *Camacho v. San Juan Bautista Med. Ctr., Inc.*, Civil No. 10-1857, 2013 U.S. Dist. LEXIS 24942, 2013 WL 653946, at *3 (D.P.R. Feb. 21, 2013). Defendant knew of its requirement to plead affirmative defenses and did so here by pleading 19 other affirmative defenses in its Answer (ECF Doc. 7). As to diligence, Defendant has not explained why it failed to plead this specific affirmative defense of statutory cap on damages at any earlier point despite a history of caselaw that requires its pleading and longstanding knowledge of the statutory caps as last amended to the current caps in 2007, other than it forgot to do so. [1]

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's Motion for Leave to File an Amended Answer for the reasons stated above.

---

[1] See 2007 Me. ALS 695, 2007 Me. Laws 695, 2007 Me. Ch. 695, 2007 Me. HP 1615, 2007 Me. ALS 695, 2007 Me. Laws 695, 2007 Me. Ch. 695, 2007 Me. HP 1615.

Respectfully submitted,

Dated: April 11, 2022                      /s/ Danielle Quinlan

                                           Danielle Quinlan, Esq., Bar No. 5480
                                           Attorney for Plaintiff
                                           WHITE & QUINLAN, LLC
                                           62 Portland Rd., Suite 21
                                           Kennebunk, ME 04043
                                           (207) 502-7484
                                           dquinlan@whiteandquinlan.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2022, I electronically filed Plaintiff's Opposition to Defendant's Motion for Leave to Amend using the CM/ECF system, which will provide notice to me and the other counsel of record:
jwall@monaghanleahy.com

Dated at Kennebunk, Maine this 11th day of April 2022.

/s/ Danielle Quinlan
_____
Danielle Quinlan, Bar #: 5480
*Attorney for Plaintiff*
WHITE & QUINLAN, LLC
62 Portland Road, Suite 21
Kennebunk, ME 04043
(207) 502-7484
*dquinlan@whiteandquinlan.com*