UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MICHELE TOURANGEAU,      )
      )
      Plaintiff,      )
      )
      v.      )
      )      No. 2:20-cv-00012-JAW
NAPPI DISTRIBUTORS,      )
      )
      Defendant.      )

## ORDER ON MOTION TO AMEND

A defendant brings a motion for leave to amend its answer to assert statutory damages caps under Title VII of the Civil Rights Act of 1964 and the Maine Human Rights Act as affirmative defenses. Although close, the Court exercises its discretion and grants the defendant's motion to amend its answer to assert the affirmative defenses of federal and state statutory damage caps. Despite the defendant's notable intransigence in insisting that it, and not the First Circuit, is correct about the need to explicitly plead applicable statutory caps as affirmative defenses, the Court grants the defendant's motion to amend because of the relatively early stage of the proceedings, the absence of prejudice to the plaintiff, and the clear policy decisions of the national and state legislatures to impose statutory caps on these types of claims.

## I.   PROCEDURAL HISTORY

On January 10, 2020, Michele Tourangeau filed a complaint against her former employer Nappi Distributors (Nappi), alleging unequal pay practices and related retaliation, sex and pregnancy discrimination, and sexual harassment. *Pl.'s Compl. and Demand for Jury Trial* (ECF No. 1) (*Compl.*). The Complaint expressly asserted

claims under the Federal Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964 (Title VII), including the Pregnancy Discrimination Act, the Maine Human Rights Act (MHRA), the Maine Timely and Full Payment of Wages Law, and common law. *Id.* ¶ 1. On March 13, 2020, Nappi filed its answer and affirmative defenses. *Answer, Affirmative Defenses and Jury Trial Demand (Def. Nappi Distributors)* (ECF No. 7) (*Answer*). In its answer, Nappi asserted nineteen affirmative defenses but did not assert as affirmative defenses the statutory damages caps under Title VII or the MHRA. *Id.* at 14-16. Both Title VII and the MHRA provide for statutory caps depending on the number of employees the employer employed. *See* 42 U.S.C. § 1981a(b)(3); 5 M.R.S. § 4613(2)(B)(8).

On March 16, 2020, the Magistrate Judge issued a scheduling order and imposed various deadlines, including a June 1, 2020 deadline for amendment of the pleadings and joinder of parties. *Scheduling Order with Incorporated Rule 26(f) Order* at 2 (ECF No. 8). The Magistrate Judge granted the parties' motions to amend the scheduling order to extend the discovery deadline multiple times for a final deadline of September 2, 2021; however, the parties did not move for an extension to the June 1, 2020 deadline for amendment of the pleadings. *See Am. Order* (ECF No. 11); *Order* (ECF No. 14); *Order* (ECF No. 20); *Order* (ECF No. 32); *Order* (ECF No. 51).

On September 9, 2021, Nappi filed its notice of intent to file a motion for summary judgment, *Def. Nappi Distributors' Notice of Intent to File Mot. for Summ. J.* (ECF No. 53), and filed its motion on December 6, 2021. *Def.'s Mot. for Summ. J.*

(ECF No. 76).  On January 10, 2022, Ms. Tourangeau filed her opposition, *Pl.'s Resp. in Opp'n to Def.'s Mot. for Summ. J.* (ECF No. 86), and on February 7, 2022, Nappi replied.  *Def.'s Reply Mem. of Law in Supp. of Mot. for Summ. J.* (ECF No. 89).  The motion for summary judgment is pending before the Court.

On March 21, 2022, Nappi filed a motion for leave to amend its answer to plead statutory damage caps as a twentieth affirmative defense.  *Def. Nappi Distributor's Mot. for Leave to Amend Answer* (ECF No. 92) (*Def.'s Mot.*).  On April 11, 2022, Ms. Tourangeau responded in opposition to Nappi's request.  *Pl.'s Opp'n to Def.'s Mot. for Leave to Amend Answer* (ECF No. 96) (*Pl.'s Opp'n*).  On April 25, 2022, Nappi replied.  *Def.'s Reply Mem. of Law in Supp. of its Mot. for Leave to Amend Answer* (ECF No. 100) (*Def.'s Reply*).

## II.   THE PARTIES' POSITIONS

### A.   Nappi's Motion to Amend

Nappi submits that it "believed it had plead[ed] all affirmative defenses necessary to protect its statutory rights" in its March 13, 2020, answer.  *Def.'s Mot.* at 1.  Nappi explains that, in the wake of a recent decision in this District, it "now understands that it is necessary to affirmatively plead the [MHRA]'s statutory damage caps."  *Id.* (citing *Bell v. O'Reilly Auto Enters.,* No. 1:16-cv-00501-JDL, 2022 U.S. Dist. LEXIS 45802, at *10 (D. Me. Mar. 15, 2022)).  "Prior to the *Bell* court's holding, [Nappi] was of the belief that MHRA statutory caps were applied by the court," particularly as "the Maine Law Court has never held that caps are an affirmative defense."  *Id.* at 2.  Nappi reasons that its proposed amendment will "ensure that any potential award [of MHRA damages] is within the Maine

Legislature's authorization." *Id.* at 3.  Nappi says it seeks leave to amend "in good faith in order to comply with recent precedent and to promote justice," concluding that its amendment will not prejudice Ms. Tourangeau or unduly delay the case.  *Id.* at 3.

### B.   Michele Tourangeau's Opposition

According to Ms. Tourangeau, "[b]ecause Nappi Distributors did not assert the damage caps of . . . Title VII or MHRA[,] the affirmative defense was waived" pursuant to Federal Rule of Civil Procedure 8(c).  *Pl.'s Opp'n* at 2.  She says *Bell* should not have come as a surprise because it interpreted longstanding First Circuit caselaw that "has 'unequivocally' characterized statutory limitations on liability— including damages caps—as affirmatives defenses."  *Id.* at 3 (citing *Bell*, 2022 U.S. Dist. LEXIS 45802, at *3).  Ms. Tourangeau argues that Nappi lacks good cause to amend its answer now without an explanation for why "it failed to plead this specific affirmative defense . . . at any earlier point despite a history of caselaw" requiring it to do so, particularly given its "longstanding knowledge of the statutory caps as last amended."  *Id.*

### C.   Nappi's Reply

In reply, Nappi insists that its failure to assert the affirmative defense earlier "was not oversight."  *Def.'s Reply* at 1.  "Rather, Nappi acted in reliance on the fact that there is no Maine precedent that would suggest that the [MHRA] caps . . . are affirmative defenses that must be pleaded or they would be considered waived, and there was no case on point in this federal circuit to suggest the same with regard to the caps in" Title VII.  *Id.*  Contending that other defendants in this District shared

its impression that the Court would apply the statutory cap limits regardless of whether they were asserted as affirmative defenses, Nappi says it "is not aware of a case on point in this federal circuit prior to *Bell* that held that Title VII caps (or MHRA caps, for that matter) had to be pleaded as an affirmative defense or they would be waived." *Id.* at 2. Nappi also disagrees with Ms. Tourangeau's contention that the Maine courts have imposed such a requirement. *Id.* Citing federal district court decisions that have addressed the issue in the Title VII context, Nappi "maintains that it was not on notice that the pertinent caps needed to be affirmatively plead[]" because most courts "have held that the Title VII caps are not an affirmative defense that can be waived" and some "have actually stricken an affirmative defense based on the Title VII caps on the ground that the cap is not an affirmative defense." *Id.* at 2-3.

Nappi next distinguishes *Bell* on its facts, arguing that "the timing of the request for statutory caps in *Bell*," which was made in an attempt to reduce a jury verdict after the defendant lost on summary judgment and at trial, "differs greatly from this matter." *Id.* at 3. Because Nappi's motion for summary judgment remains pending before this Court, Nappi emphasizes that "[u]nlike *Bell*, this matter is not late in its legal life, nor has it been an unusually long proceeding considering delays caused by the pandemic." *Id.* at 3. In sum, Nappi submits that allowing its amendment now would not prejudice Ms. Tourangeau in the manner that concerned the *Bell* court. *Id.* at 4.

5

## III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading "only with the opposing party's written consent or the court's leave" once the time to amend "as a matter of course" has passed.  FED. R. CIV. P. 15(a)(2).  Although "[t]he court should freely give leave [to amend] when justice so requires," *id.*, "[t]he liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases." *Thurlow v. York Hosp.*, No. 2:16-cv-179-NT, 2017 U.S. Dist. LEXIS 3187, at *8 (D. Me. Jan. 10, 2017) (alteration in *Thurlow*) (quoting 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed.) (WRIGHT & MILLER)).  A court may deny leave to amend if "the request is characterized by 'undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part.'" *Id.* at *8-9 (alteration in *Thurlow*) (quoting *Calderón-Serra v. Wilmington Tr. Co.*, 715 F.3d 14, 19 (1st Cir. 2013)).  "Where the motion to amend is filed after the opposing party has timely moved for summary judgment, [the movant] is required to show 'substantial and convincing evidence' to justify a belated attempt to amend." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) (quoting *Resolution Tr. Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994)).  "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy . . ..'" *Id.* (quoting *Acosta-Mestre v. Hilton Int'l of P.R., Inc.*, 156 F.3d 49, 52 (1st Cir. 1998)).

## IV.   DISCUSSION

Nappi seeks to amend its answer to add an affirmative defense reserving "the right to demonstrate that the Plaintiff's damages, if any, are capped by 42 U.S.C. § 1981a(b)(3)(C), 5 M.R.S. § 4613(2)(B)(8)(e), or any other applicable statutory damages cap or statutory limitation on damages." *Def.'s Mot.*, Attach. 1, *Am. Answer, Affirmative Defenses and Jury Trial Demand (Def. Nappi Distributors)* at 16 (*Proposed Am. Answer*).   Ms. Tourangeau urges the Court to deny Nappi's request because it should have known of the requirement to plead damage caps as affirmative defenses based on longstanding First Circuit precedent and otherwise failed to demonstrate good cause to amend. *Pl.'s Opp'n* at 3.

### A.      The Potentially Applicable Caps

Nappi's proposed twentieth affirmative defense reads:

> The Defendant reserves the right to demonstrate that the Plaintiff's damages, if any, are capped by 42 U.S.C. § 1981a(b)(3)(C), 5 M.R.S. § 4613(2)(B)(8)(e), or any other applicable statutory damages cap or statutory limitation on damages.

*Proposed Am. Answer* at 16.

In its twentieth affirmative defense, Nappi affirmatively asserted that the statutory cap of $200,000 under Title VII for employers with more than 200 and fewer than 501 employees applied to Nappi. *Id.*; *see Def.'s Mot.* at 1 ("[d]uring discovery, [Nappi] revealed that it has 210 employees").

The MHRA provision limiting damages contains four subcategories, imposing caps from $50,000 to $500,000 depending on the number of employees. *See* 5 M.R.S. § 4613(2)(B)(8)(e)(i-iv). Oddly, Nappi's proposed affirmative defense generally cites 5

M.R.S. § 4613(2)(B)(8)(e), but Nappi does not mention which subsection and therefore which cap applies. However, extrapolating from the number of employees alleged in his Title VII affirmative defense, the Court assumes that the statutory cap of $300,000 would apply to the MHRA claim. *See* 5 M.R.S. § 4613(2)(B)(8)(e)(iii).

### B.    Caps as an Affirmative Defense under First Circuit Law

In *Bell v. O'Reilly Auto Enterprises, LLC*, the defendant moved, after a jury awarded significant compensatory and punitive damages for violations of the MHRA and Americans with Disabilities Act (ADA), to reduce the jury's verdict pursuant to the applicable statutory damage caps. 2022 U.S. Dist. LEXIS 45802, at *1-2. On March 15, 2022, the United States District Court for the District of Maine concluded that a defendant waives the MHRA and ADA damage caps by failing to assert them in its answer. *Id.* at *3.

To begin, the district court joined "the District of Puerto Rico in concluding that the First Circuit has '*unequivocally*' characterized statutory limitations on liability—including damage caps—as affirmative defenses." *Id.* (quoting *Camacho v. San Juan Bautista Med. Ctr., Inc.*, Civil No. 10-1857, 2013 U.S. Dist. LEXIS 24942, at *10 (D.P.R. Feb. 21, 2013) (emphasis in original)). As the district court in *Bell* pointed out, First Circuit caselaw treating a statutory cap as an affirmative defense is traceable to 1975. *Id.* at *2-3 (citing *Jakobsen v. Mass. Port Auth.*, 520 F.2d 810, 813 (1st Cir. 1975)). The district court quoted the 1994 First Circuit case, *Knapp Shoes, Inc. v. Sylvania Shoe Manufacturing Corp.*, 15 F.3d 1222 (1st Cir. 1994), as saying that "a statutory provision limiting damages to a fixed sum constitute[s] an affirmative defense for purposes of Rule 8(c)." *Id.* at *3 (quoting *Knapp*, 15 F.3d at

8

1226). The *Bell* Court observed that the First Circuit affirmed this principle in 2021 in *Carrasquillo-Serrano v. Municipality of Canovanas*, 991 F.3d 32 (1st Cir. 2021) when it wrote that a statutory damage cap "is a statutory limitation on liability, and . . . the defendant . . . has waived the defense by failing to include it in a responsive pleading." *Id.* (alteration in *Bell*) (quoting *Carrasquillo-Serrano*, 991 F.3d at 43).

### C.    Applying First Circuit Law to Nappi's Motion to Amend

The Court turns to the application of First Circuit law to Nappi's motion to amend its answer. In its motion, Nappi explains that before *Bell*, it "was of the belief that MHRA statutory caps were applied by the court and did not require affirmative pleading." *Def.'s Mot.* at 2. Nappi further noted that the "Maine Law Court has never held that caps are an affirmative defense." *Id.*

In reply to Ms. Tourangeau's response, in which she asserted that Nappi must have forgotten to assert the statutory caps as an affirmative defense, Nappi doubled down and affirmatively asserted that "Defendant's omission of the affirmative defense of statutory caps was not oversight." *Def.'s Reply* at 1. Nappi asserted:

> Rather, Nappi acted in reliance on the fact that there is no Maine precedent that would suggest that the caps under the [MHRA] are affirmative defenses that must be pleaded or they would be considered waived, and there was no case on point in this federal circuit to suggest the same with regard to the caps in [Title VII].

*Id.* To support its assertion about federal law, Nappi cites caselaw exclusively outside the First Circuit. *Id.* at 2-3.

In this Court's view, Nappi is clearly wrong about whether First Circuit law has required a defendant to assert a statutory cap as an affirmative defense, and whatever the law elsewhere, First Circuit law applies within the District of Maine.

*See Eulitt v. Me. Dep't of Educ.*, 386 F.3d 344, 349 (1st Cir. 2004) ("Until a court of appeals revokes a binding precedent, a district court within the circuit is hard put to ignore that precedent unless it has unmistakably been cast into disrepute by supervening authority").

At least as far as the requirement that Nappi assert the statutory cap to the Title VII count, for the reasons clarified in *Bell*, the Court concludes that under clear and longstanding First Circuit law, Nappi was required to plead Title VII's cap as an affirmative defense and that Nappi waived the right to assert the statutory cap under 42 U.S.C. § 1981a(b)(3)(C) by failing to assert it in its answer. The Court will later address whether Nappi's motion to amend may be granted despite its waiver.

## D.  Caps as an Affirmative Defense under Maine Law

Nappi's main point is that the Maine Supreme Judicial Court has never held that a defendant must assert as an affirmative defense the statutory cap under the MHRA and therefore, it correctly omitted the cap as an affirmative defense to the MHRA count. Following *Bell*, the United States District Court for the District of Maine twice addressed similar issues. *Tucker v. Lantmännen Unibake USA, Inc.*, No. 2:21-cv-00087-JAW, 2022 U.S. Dist. LEXIS 89975 (D. Me. May 19, 2022); *O'Brien v. Mac's Convenience Stores, LLC*, No. 1:21-cv-00038-JDL, 2022 U.S. Dist. LEXIS 73506 (D. Me. Apr. 22, 2022). In *O'Brien*, the Magistrate Judge allowed a late motion to amend to assert statutory caps under both federal and state law in part because the plaintiff in that case had "herself raised the issue of statutory damages caps in her complaint, and [the defendant] admitted that the caps applied in its answer." *O'Brien*, 2022 U.S. Dist. LEXIS 73506, at *4. *O'Brien* is not directly on point in this

10

case because Ms. Tourangeau did not raise the statutory caps issue in her Complaint and Nappi did not refer to them in its answer.  *Compl.*; *Answer*.

The Magistrate Judge's decision in *Tucker*, however, is helpful.  Significantly, the plaintiff in *Tucker* was proceeding solely under the MHRA and not under a federal statute.  *Tucker*, 2022 U.S. Dist. LEXIS 89975, at *1.  The Magistrate Judge first expressed doubt "that *Bell* —which is based on long-standing First Circuit caselaw from as far back as 1975—announced a new standard for statutory damages caps." *Id.* at *4 (citations and internal quotation omitted).  Nevertheless, the Magistrate Judge cited other cases in which defense counsel in Maine expressed surprise "at the idea of statutory damages caps being categorized as affirmative defenses."  *Id.*[1] Although the Magistrate Judge characterized the issue as a "close question," she concluded that the defendant had "shown good cause to grant it leave to amend its answer." *Id.* at *5.  She also found that the plaintiff would not be prejudiced because the defendant had already conceded that it would be subject to the highest MHRA damages cap and there would be no need for additional discovery.  *Id.*

Even as applied to the MHRA, like the Magistrate Judge, this Court is skeptical that the Maine Supreme Judicial Court would interpret Maine Rule of Civil Procedure 8(c) ("In pleading to a preceding pleading, a party shall set forth

---

[1]     One of the cases, *Faller v. Two Bridges Regional Jail*, No. 2:21-cv-00063-GZS, is unpersuasive because once the defendant moved to amend its answer to assert the statutory caps to claims under 42 U.S.C. § 1981 and the MHRA, the plaintiff objected to the amendment not on waiver grounds, but on grounds of futility (as she pleaded no claims subject to the damages caps), vagueness, and overbreadth.  *Id., Pl.'s Opp'n to Def.'s Mot. to Am. Answer* at 1-3 (ECF No. 25).
        Another case, *Stevens v. Southern Maine Oral and Maxillofacial Surgery, P.A.*, 2:20-cv-00325-NT, is inapposite because the motion to amend to assert the statutory cap as an affirmative defense was a consent motion.  *Id., Order Granting Without Obj. Mot. to Am. Scheduling Order*; *Granting Without Obj. Mot. for Leave to File Am. Answer* (ECF No. 67).

affirmatively . . . any other matter constituting an avoidance or affirmative defense")
markedly differently than the way the First Circuit has interpreted its similarly-
worded federal counterpart, Federal Rule of Civil Procedure 8(c) ("In responding to a
pleading, a party must affirmatively state any avoidance or affirmative defense").
Nor is the Law Court likely to conclude that a statutory cap would not constitute a
"matter constituting an avoidance or affirmative defense."

But the Court acknowledges that neither party nor this Court was able to find
a Maine state court that has addressed this narrow issue, much less an opinion from
the Maine Supreme Judicial Court.  This being the case, the Court accepts Nappi's
contention that it was arguably within its rights not to assert the MHRA statutory
cap as an affirmative defense, at least as of the date it filed its answer.  As to the
federal statutory cap, however, this Court cannot conclude, given the clear and
longstanding nature of First Circuit authority, that Nappi could ignore with impunity
the law that binds this Court.  As First Circuit law is clear and there is no Maine
precedent on this narrow issue, the more prudent course would have been for Nappi
to assert the affirmative defenses for both federal and state statutory claims
especially since there is no apparent downside for Nappi to have done so.

### E.    Nappi's "Moderate Delay"

The Court now addresses Nappi's motion to amend to determine whether the
amendment should nonetheless be allowed as to both federal and state caps.  To guide
its analysis, the Court returns to *Bell*.  In *Bell*, the district court, having concluded
that the defendant was required to raise the damage caps as affirmative defenses and
had failed to do so, discussed whether a late motion to amend the answer to assert

the affirmative defenses should be granted.  After observing that "the First Circuit test for affirmative defenses is not prejudice or notice but whether the defense would bar recovery even if the defendant conceded the accuracy of the complaint," the *Bell* Court went on to assess whether the defendant's failure to plead the caps as affirmative defenses should still "be excused due to notice and lack of prejudice." *Id.* at *6.  The district court applied the First Circuit's "identified exceptions to Rule 8(c)'s bar of untimely affirmative defenses, including when: (1) the defendant asserts it without undue delay and the plaintiff is not unfairly prejudiced by any delay, or (2) the circumstances necessary to establish entitlement to the affirmative defense did not obtain at the time the answer was filed." *Id.* at *7-8 (internal quotations omitted) (quoting *O'Brien v. Town of Bellingham*, 943 F.3d 514, 528 (1st Cir. 2019)).

The *Bell* Court emphasized that the defendant had answered the complaint five years prior, and only attempted to invoke the caps after the second jury trial in the case, concluding "it would be inequitable to allow [the defendant] to assert the statutory damage caps this late in the life of this unusually long civil proceeding." *Id.* at *8.  As the *Bell* Court observed, "[t]hose cases which permit the interposition of an affirmative defense outside the pleadings generally have involved moderate delays, such as an attempt to raise the defense in a pretrial motion to dismiss or for summary judgment, rather than at trial or in a postjudgment motion." *Id.* (quoting *Davignon v. Clemmey*, 322 F.3d 1, 16 (1st Cir. 2003)).

Here, Ms. Tourangeau filed her Complaint on January 10, 2020. *Compl.* Although the Scheduling Order imposed a June 1, 2020 deadline for amendment of

pleadings, the parties repeatedly moved to extend the discovery deadline so that the final discovery deadline was September 2, 2021. *Order* (ECF No. 51). On September 9, 2021, Nappi filed a notice of intent to file a motion for summary judgment. *Def. Nappi Distributors' Notice of Intent to File Mot. for Summ. J.* (ECF No. 53). The Court held a Local Rule 56(h) conference on October 15, 2021 and set deadlines for the filing of the dispositive motion, a response, and a reply. *Min. Entry* (ECF No. 62). Nappi filed its motion for summary judgment on December 6, 2021, Ms. Tourangeau filed her response on January 10, 2022, and Nappi filed its reply on February 7, 2022. *Def.'s Mot. for Summ. J.* (ECF No. 76); *Pl.'s Resp. in Opp'n to Def.'s Mot. for Summ. J.* (ECF No. 86); *Def.'s Reply Mem. of Law in Support of Mot. for Summ. J.* (ECF No. 89). Nappi filed its motion for leave to file an amended answer on March 21, 2022, after the motion for summary judgment was ready for decision, but before this Court issued an order on the motion. Nappi's motion therefore fits within the *Bell* Court's view of a "moderate delay[]." *Bell*, 2022 U.S. Dist. LEXIS 45802, at *8 (noting that courts tend to permit similar motions to amend in cases involving "moderate delays, such as the attempt to raise the defense in a pretrial motion to dismiss or for summary judgment").

## F.   Nappi's Good Cause to Amend

The Court next considers whether Nappi's failure to plead the Title VII and MHRA statutory caps as affirmative defenses in its answer should be excused. As the Court noted earlier, the case for leniency in allowing the affirmative defense of statutory caps under the MHRA is stronger than the one under Title VII, since Nappi

could plausibly assert that Maine law, but not First Circuit law, was unsettled. Furthermore, instead of acknowledging error on the state of First Circuit law and pleading for leniency as in *Tucker,* on the grounds of a widespread mistake within the civil defense bar, Nappi simply insisted it, not the First Circuit, was right. Moreover, in support of its erroneous view of the law that binds this Court, Nappi did not even cite or address First Circuit caselaw.  Nappi instead discussed federal cases from outside the First Circuit, which could not justify this Court's deviation from clear and binding First Circuit authority.  Nappi's notable intransigence makes its case for good cause less sympathetic and less effective.  Indeed, the Court has had to consider Nappi's declaration that its waiver was intentional, and that it deliberately chose to omit the statutory caps in its answer because it was so sure it was right.  To this end, the Court considered granting the motion to amend solely on the MHRA claim and not on the Title VII claim, but for reasons the Court now explains, the Court decided to exercise its discretion and grant the motion to amend as to both statutory caps.

Although this District now expressly recognizes that statutory caps are affirmative defenses, for which "[t]he ordinary consequence of failing to plead . . . is its forced waiver and its exclusion from the case[,] . . . when there is no prejudice and when fairness dictates, the strictures of this rule may be relaxed."  *Jakobsen*, 520 F.2d at 813.  Even though the Court sees the issue as exceptionally close, especially on the Title VII issue, the Court concludes it is appropriate to excuse Nappi's failure to plead both the federal and state caps earlier given the lack of prejudice to Ms.

Tourangeau, the stage of the litigation, and the absence of undue delay on Nappi's part following *Bell*. Though it acted long after the Scheduling Order deadline on amendments lapsed, once *Bell* further clarified the law, Nappi responded promptly.

First, as the *Bell* Court explained, a defendant must plead affirmative defenses in its answer "to give the opposing party notice of the defense and a chance to develop evidence and offer arguments to controvert the defense." *Bell*, 2022 U.S. Dist. LEXIS 45802, at *7 (quoting *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1226 (1st Cir. 1994)); *see also Quinones v. United States*, No. 8:14-cv-164-T-36MAP, 2015 U.S. Dist. LEXIS 84024, at *8 (M.D. Fla. June 29, 2015) (denying a motion to amend, reasoning that because a damages cap in a separate statutory scheme was "not directly relevant to Plaintiffs' prima facie case, . . . Plaintiffs would very likely be unfairly surprised if the defense did not appear in the pleadings"). Here, aside from the obvious result that any recovery under the MHRA or Title VII would become subject to the damages caps, Ms. Tourangeau has not demonstrated unfair prejudice or surprise. *See Jakobsen*, 520 F.2d at 813 ("Under Rule 15 the district court may and should liberally allow an amendment to the pleadings if prejudice does not result"). Although Ms. Tourangeau insists that Nappi should have pleaded the statutory caps earlier (and the Court agrees, particularly as to Title VII), Nappi acted quickly in response to *Bell*. The *Bell* decision issued on March 15, 2022; Nappi filed its motion to amend on March 21, 2022. Also, Nappi's request comes prior to the resolution of its motion for summary judgment, and before any trial proceedings. *See Davignon*, 322 F.3d at 16. Nappi's effort to invoke statutory damage caps as an

16

affirmative defense thus comes at a different stage in the life of the case than the *Bell* defendant's motion to reduce a jury verdict.

In addition, the Court considered that the statutory caps for both Title VII and the MHRA represent the considered judgment of the United States Congress and the Maine Legislature in their legislative roles, striking a balance between the rights of employees against the responsibilities of employers.  If Nappi's motion to amend were denied, Ms. Tourangeau might obtain an award against Nappi greater than the amounts the national and state legislatures expressly intended.

Finally, during discovery and during the Maine Human Rights Commission inquiry preceding this suit, Nappi disclosed that it has 210 employees.  *See Def.'s Mot* at 1*; Def.'s Reply* at 4 n.3.  Application of the MHRA and Title VII statutory caps will be straightforward and unlikely to require further discovery or delay.

On balance, the Court concludes that Nappi has demonstrated good cause to amend its answer.  *See Shervin v. Partners Healthcare Sys., Inc.*, 804 F.3d 23, 52 (1st Cir. 2015) ("A district court may relax the raise-or-waive rule when equity so dictates and there is no unfair prejudice to any opposing party").

## V.   CONCLUSION

The Court GRANTS Nappi Distributors' Motion for Leave to Amend Answer (ECF No. 92).

SO ORDERED.

> /s/ John A. Woodcock, Jr.
> JOHN A. WOODCOCK, JR.
> UNITED STATES DISTRICT JUDGE

Dated this 14th day of June, 2022

17