UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHELE TOURANGEAU, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-cv-00012-JAW |
| NAPPI DISTRIBUTORS, | ) ) ) |
| Defendant. | ) ) |

**ORDER DENYING MOTION FOR RECONSIDERATION**

With trial looming, the Plaintiff failed to comply with deadlines imposed in the Court's Final Pretrial Order while the Defendant scrupulously complied with the order. The Court granted the Plaintiff's motion to reset the deadlines over the Defendant's objection and the Defendant filed a motion for reconsideration. Acknowledging that the Defendant and the Court will be somewhat squeezed by the new deadlines and the Plaintiff should not ordinarily be rewarded for her failure to comply with court orders, the Court nevertheless denies the motion for reconsideration because it is preferable that the Court hear from both sides before making legal decisions that will affect the parties' substantive rights.

**I. BACKGROUND**

**A. The Report of Final Pretrial Conference and Order and Compliance of the Parties**

On January 3, 2023, the Court held a final pretrial conference and issued an order, establishing deadlines in anticipation of the jury trial scheduled for February 27, 2023 through March 3, 2023. *Report of Final Pretrial Conf. and Order* (ECF No.

116). Nappi Distributors (Nappi) scrupulously complied with those deadlines and on January 30, 2023, Nappi filed (1) a twenty-four-page motion in limine with six subparts, (2) a trial brief, (3) a witness list, (4) and proposed jury instructions. *Def. Nappi Distributors' Mot. in* Limine (ECF No. 124); *Def.'s Trial Br.* (ECF No. 125); *Def. Nappi Distributors' Trial Witness List* (ECF No. 126); *Def.'s Proposed Jury Instructions* (ECF No. 127). Ms. Tourangeau complied partially with the deadlines and filed only one motion in limine and a witness list on January 30, 2023. *Pl.'s Mot. in Limine Regarding Disability Ins. Benefits* (ECF No. 128); *Pl.'s Witness List for Trial* (ECF No. 130).

Instead, on January 30, 2023, citing her workload, Ms. Tourangeau's counsel filed a motion to amend pretrial order and asked the Court to extend the time to February 6, 2023 to file two more motions in limine, a final witness list, proposed jury instructions, a trial brief, and to exchange exhibits. *Pl.'s Mot. to Am. Pretrial Order* (ECF No. 129). Moreover, she asked to move the deadline to February 13, 2023 to oppose jury instructions, to respond to trial briefs, to file special verdict forms, and to file a consolidated exhibit list. *Id.* at 3. Nappi's counsel objected, noting that he had filed all Nappi's materials in accordance with the Court's January 3, 2023, even though they had to rearrange their schedules to ensure compliance with the deadlines. *Email from Att'y John J. Wall, III, Esq. to Deputy Clerk of Ct.* (Jan. 31, 2023). Counsel for Nappi also observed that they had rearranged their schedules over the next few weeks to complete trial preparations in accordance with the Court's schedule. *Id.* The Court granted the Plaintiff's motion over the Defendant's objection.

### B. Nappi's Motion for Reconsideration

Nappi rapidly filed a motion for reconsideration. *Def. Nappi Distributors' Mot. to Recons. Order on Mot. to Am. Procedural Order* (ECF No. 132) (*Mot. for Recons.*). Nappi noted its compliance with the Court's deadlines and the Plaintiff's failure to comply. *Id.* at 2. Nappi observes that if the order stands, the Plaintiff will have two weeks to respond to its motions in limine and exhibit lists, but Nappi will have only one week to respond to the Plaintiff's motions in limine and exhibit lists. *Id.* Nappi therefore asks that the Court deny the Plaintiff's motion or, in the alternative, grant the motion in part making all deadlines February 6, 2023, not February 13, 2023. *Id.* at 3.

### C. Michele Tourangeau's Opposition

On February 1, 2023, Ms. Tourangeau responded, opposing Nappi's motion for reconsideration. *Pl.'s Opp'n to Def.'s Mot. for Recons.* (ECF No. 134). The Plaintiff's counsel represents that she "had every intention of . . . meeting the pretrial deadlines . . . and endeavored diligently to do so." *Id.* at 2. Plaintiff's counsel concedes that she "did not advise Nappi that she would be seeking an extension until 9:37 p.m. on the day these pleadings were due," but she writes that "is simply a reflection of the fact that she had hoped to meet the pretrial deadlines because . . . the Court needs ample time to rule on motions *in limine* and review proposed jury instructions before trial commences on February 27, 2023." *Id.* Plaintiff's counsel alludes to her work in the case of *Donovan v. Nappi Distributors*, No. 2:21-cv-00070-JAW, which is in the summary judgment phase, and stresses her "tremendous effort on the part of

3

Plaintiff's counsel to both prepare for trial and oppose summary judgment with an enormous factual record at the same time." *Id.* She represents that her motion for extension "is not an indication of gamesmanship or a nefarious attempt to unfairly prejudice Nappi." *Id.* at 3. She claims that Nappi "suffered no unfair prejudice when the Court granted Plaintiff's motion to amend the pretrial order." *Id.* at 3.

## II. DISCUSSION

This motion illustrates the dilemma a court faces when one party complies with court-ordered deadlines and the other does not, particularly in crush of time during the days leading up to trial. The Court appreciates defense counsel's successful efforts to comply with the court-ordered deadlines and his frustration that his counterpart will gain a tactical advantage from her failure to comply. The Court also acknowledges that Plaintiff's counsel could have substantially mitigated the unfair advantage had she contacted defense counsel before or early on Monday, January 30, 2023 before the Defendant made all its filings. *See Mot. for Recons.* at 2 n.1. Instead, she waited until the defense had made all its filings before moving to continue her due dates. At the same time, the Court accepts Plaintiff's counsel's representations that she filed the motion in the evening of the due date only when she came to the reluctant conclusion that she would not be able to meet the court-ordered deadlines and that she did not file the motion to gain an unfair advantage.

Still court-imposed deadlines are essential to assure that cases proceed with efficiency and fairness. This is particularly true when the deadline requires opposing parties to make simultaneous filings. The failure to comply causes mischief.

4

Compliant parties have a right to feel wronged. After all, they have made an often-considerable effort to comply, and the other parties have not only failed to do so but have gained a tactical advantage by reviewing their opponents' work product in preparing their filings.

The question is what to do about it. There is no easy answer. In his letter and his motion for reconsideration, defense counsel suggests that the Court should simply deny the motion to amend the Final Pretrial Order, leaving the Plaintiff without the ability to make further filings. From the Court's perspective, this is a non-starter. The primary reason for the filings, including motions in limine, proposed jury instructions, and the like, is to assist the Court in getting its rulings right and to give the parties a fair trial. To deny the Plaintiff's motion to amend the procedural order would give the Court only one side of the case. Naturally, the Court would prefer to hear both sides, even if one is late, and would prefer to make the correct rulings.

Although the Plaintiff has created her own advantage from her failure to fully comply, her advantage is not quite as stark as defense counsel suggests. The Report of Final Pretrial Conference and Order set the following deadlines:

1) January 30, 2023:

   1) Proposed Jury Instructions;

   2) Motions in Limine;

   3) Trial Briefs;

   4) Witness Lists;

   5) Exhibit Exchange.

  2) February 6, 2023:

    1) Responses to Motions in Limine;

    2) Opposition to proposed Jury Instructions;

    3) Response to Trial Briefs;

    4) Special Verdict Forms;

    5) Consolidated Exhibit List.

In her motion, the Plaintiff requested the following deadlines:

  1) February 6, 2023:

    1) Motions in Limine;

    2) Witness Lists;

    3) Proposed Jury Instructions;

    4) Exhibit Exchange.

  2) February 13, 2023:

    1) Responses to Motions in Limine;

    2) Opposition to Proposed Jury Instructions;

    3) Responses to Trial Briefs;

    4) Special Verdict Forms;

    5) Consolidated Exhibit List.

Each of these filings has different consequences and the Court will discuss each. Turning first to proposed jury instructions, Ms. Tourangeau is proceeding under nine theories of liability. *See Order on Mot. for Summ. J.* at 143 (ECF No. 106)

(*Summ J. Order*).[1]  Nappi filed its proposed jury instructions on January 30, 2023. *Def.'s Proposed Jury Instructions* at 1-19 (ECF No. 127).  It would have been helpful if the Court had received the Plaintiff's proposals on the same date, but under the Plaintiff's proposed schedule, she is going to file proposed instructions on February 6, 2023.  Nappi must respond with its objections within one week, but under the original schedule, it would have had one week to respond if the Plaintiff had filed the instructions on January 30, 2023.  It is true that under her proposed deadlines, the Plaintiff has two weeks to object to Nappi's instructions, but the Court does not view this difference as particularly significant because both Plaintiff's counsel and Nappi's counsel are experienced lawyers with subspecialities in employment law and the Court presumes they are aware of the law applicable to each legal theory.  The onus, instead, falls more heavily on the Court, which is going to be required to finalize its draft preliminary and final jury instructions in the two-week interval between February 13, 2023 and the commencement of trial.

Regarding the motions in limine, the original order required the parties to file any motions in limine by February 6, 2023 and any responses by February 13, 2023, giving the parties one week to respond.  The Defendant filed six submotions on January 30, 2023 and the Plaintiff filed one.  Under the new deadlines, the Defendant will have two weeks to respond to the Plaintiff's motion in limine and the Plaintiff will have the same time to respond to Nappi's motion.  To this extent, the changed deadline treats the parties the same.  It is true that under the new deadlines, the

---

[1]  The Court counted the violation of the MHRA and retaliation under the MHRA as separate theories even though they are contained in the same count.

Plaintiff has the right to file new motions in limine on February 6, 2023 (as does Nappi) and the Defendant has only one week to respond and (assuming Nappi does not file any new motions in limine) to this extent the new deadlines treat the Plaintiff more favorably.

But these are evidentiary issues that experienced lawyers should be able to address within one week. In fact, if these same issues arose at trial, the lawyers for both the Plaintiff and the Defendant would be expected to respond immediately and sometimes spontaneously to objections. This is what able trial lawyers must be able to do. Again, from the Court's perspective, the real burden falls on the Court. Instead of having three weeks to prepare orders on the motions in limine, under the Plaintiff's schedule, the Court will have only two and it has the obligation to explain its ruling and to get it right.

As for trial briefs, it is true that the Plaintiff will have an extra week to prepare and file her trial brief and she will be able to prepare her brief knowing what Nappi wrote in its brief. However, once the Plaintiff's brief is filed, Nappi will have one week to object, which is the same amount of time as in the original order. Although the trial briefs will be helpful, the Court does not view the trial briefs as critical in a case it is already thoroughly familiar with. *See Summ. J. Order* at 1-143.

Regarding the exhibit exchange and the special verdict form, the Court does not see the dates as prejudicing Nappi or benefitting Ms. Tourangeau. Furthermore, although Ms. Tourangeau asked for the deadline for the filing of witness lists be extended to February 6, 2023, she filed a witness list on January 30, 2023. *Pl.'s*

8

*Witness List for Trial* (ECF No. 130). The Court suspects that Ms. Tourangeau's counsel was unexpectantly able to file her witness list on time and the new deadline is unnecessary.

From the Court's analysis, the Plaintiff's failure to comply with the Court's deadlines has resulted in some advantage to the Plaintiff, but the advantage is difficult to measure, and it is on the edges of trial preparation. Furthermore, compliance is its own reward. By complying with the filing requirements early, defense counsel will not be scrambling, as will Plaintiff's counsel, to complete these filings while preparing trial witnesses.

While Nappi's counsel does suffer some disadvantage from the new deadlines, the Court does as well and perhaps more so. Thus, the Court is not requiring Nappi to do anything that the Court itself, aware of its additional burdens, was unwilling to do when it granted the motion to amend procedural order. Although both Nappi and the Court are being squeezed by Plaintiff's new deadlines, the Court judged that it was willing to grant the motion for the following reasons: (1) the Court's prior experience with Plaintiff counsel suggests that her failure to meet court-ordered deadlines in this and other cases is an exception; (2) defense counsel has not contended that the Plaintiff counsel's explanation for the need for a new set of deadlines was in bad faith or in the Plaintiff's counsel's words, a matter of gamesmanship or a nefarious attempt to unfairly prejudice Nappi;[2] (3) the impact on

---

[2] To the extent Plaintiff's counsel's obligations under *Donovan* caused her inability to comply with the deadlines in this case, she would have been better advised to put down *Donovan*, attend to *Tourangeau*, and ask for another extension in *Donovan*. As the judge assigned *Donovan*, the Court would have been more amenable to an extension in a case not scheduled for trial than one that is.

9

Nappi, although real, appeared manageable; and (4) the impact on the Court, although again real, appeared manageable.

Finally, and most importantly, the Court concluded that justice would be better served if it had both the Plaintiff's and the Defendant's submissions so that it could make the correct pretrial rulings and prepare appropriate jury instructions in advance of trial.

The Court considered shortening the deadlines as Nappi suggested as an alternative in its motion for reconsideration, but the deadlines are sufficiently tight as they currently are, and the Court wishes to avoid another motion for extension by Plaintiff's counsel and the controversy that would be generated if she did so.

## III. CONCLUSION

The Court DENIES Nappi Distributors' Motion to Reconsider Order on Motion to Amend Procedural Order (ECF No. 132).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of February, 2023