UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHELE TOURANGEAU, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NAPPI DISTRIBUTORS, )<br>)<br>Defendant. ) | No. 2:20-cv-00012-JAW |

## ORDER ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO MICHELE TOURANGEAU'S MEDICAL LEAVE IN MAY OF 2019

In anticipation of trial, the employer files a motion in limine to exclude evidence related to the plaintiff's medical leave in May of 2019 because she has not designated an expert to opine that her leave was for a pregnancy related condition under the Pregnancy Discrimination Act. The employer contends that with the exclusion of the plaintiff's 2019 medical leave, the continuing violation doctrine upon which the plaintiff's pregnancy discrimination claim rests no longer applies and the Court must preclude the plaintiff from pursuing her Pregnancy Discrimination Act claim at trial.

The Court concludes that a pregnancy discrimination claim does not require expert proof that the leave was in fact pregnancy-related, only that the employer treated the claim as pregnancy-related and discriminated on that basis. The Court therefore rejects the employer's motion to exclude evidence of pregnancy-related discrimination.

I.  **PROCEDURAL HISTORY**

On January 3, 2023, the Court issued a final pretrial order, which set this case for jury selection on February 6, 2023 and for trial from February 27, 2023 through March 3, 2023. *Report of Final Pretrial Conference and Order* at 3 (ECF No. 116) (*Pretrial Order*). In its Pretrial Order, the Court set January 30, 2023 as the date by which any motions in limine must be filed and February 6, 2023 as the date by which any responses must be filed. *Pretrial Order* at 2.

On January 30, 2023, Nappi filed a motion in limine to exclude evidence related to Ms. Tourangeau's medical leave in May of 2019 (ECF No. 124 at 11-14) (*Def.'s Mot.*). On the same day, Ms. Tourangeau filed a motion to request a weeklong extension of the Court's scheduling order as set out in the Pretrial Order. *Mot. to Am. Procedural Order* (ECF No. 129). Over objection, the Court granted Ms. Tourangeau's motion on January 31, 2023 and extended the filing date for motions in limine to February 6, 2023 and for responses to February 13, 2023. *Order* (ECF No. 131).

On the same day, Nappi filed a motion for reconsideration asking the Court to "reconsider its January 31, 2023 Order on the Plaintiff's Motion to Amend Procedural Order" or alternatively "amend the January 31 Order to provide that the Plaintiff will have one week to prepare responses to Nappi's timely filed motions in limine." *Def. Nappi Distributors' Mot. to Reconsider Order on Mot. to Am. Procedural Order* (ECF No. 132) (*Mot. for Recons.*). On February 1, 2023, Ms. Tourangeau replied. *Pl.'s Opp'n to Def.'s Mot. for Recons.* (ECF No. 134). Concluding that "justice would be better served if it had both the Plaintiff's and the Defendant's submissions so that it

2

could make the correct rulings and prepare appropriate jury instructions" and that "the impact on Nappi [and the Court], although real, appeared manageable," the Court denied Nappi's Motion for Reconsideration. *Order Denying Mot. for Recons.* at 9-10 (ECF No. 136).

On February 13, 2023, Ms. Tourangeau filed her response to Nappi Distributors' motion in limine to exclude evidence related to Ms. Tourangeau's medical leave in May of 2019. *Pl.'s Resp. to Def.'s Mots. in Limine* at 11-13 (ECF No. 154) (*Pl.'s Opp'n*).

The Court's Final Pretrial Order provided that "[n]o replies will be allowed except by motion." *Pretrial Order* at 2. No such motion was filed.

## II.   THE PARTIES' POSITIONS

### A.   Nappi's Motion in Limine

Nappi contends that because "Ms. Tourangeau has failed to designate an expert who will opine that the urethral sling surgery she underwent in May of 2019—more than three years after giving birth to her daughter—was causally connected to her pregnancy or childbirth, and Ms. Tourangeau herself is certainly not qualified to render such an opinion," any evidence of Ms. Tourangeau's leave in May of 2019 "may not be introduced at trial to support her claim under the Pregnancy Discrimination Act." *Def.'s Mot.* at 12.

Nappi submits that "[i]t is well established in Maine and other jurisdictions that expert opinion is generally required to establish medical causation." *Id.* (collecting cases). Nappi further submits that "only where causation is sufficiently

3

obvious is an expert not required," *id.*, and here, "the issue of the relatedness of Ms. Tourangeau's urethral sling surgery to her pregnancy falls squarely within the confines of complex medical issues for which an expert opinion is necessary." *Id.* at 13. Nappi explains that "[t]here are a variety of common reasons why a woman might require urethral sling surgery, many of which have nothing to do with pregnancy or childbirth [and s]uch information is far beyond the common knowledge and ability of a layperson and must be established by medical expert testimony." *Id.*

Nappi claims that Ms. Tourangeau "has not produced any evidence beyond her own conclusory assertion that the urethral sling surgery was related to her pregnancy," and she in fact "argued that her medical records were not discoverable under Rule 26 and objected to their production during discovery in this matter, thereby depriving [Nappi] of any opportunity to address the causation issue at all." *Id.* Nappi insists that "[i]n the absence of expert medical testimony on the issue of causation in this case, the jury would have no basis other than conjecture, surmise, or speculation that the surgery was caused by Ms. Tourangeau's pregnancy." *Id.* Nappi concludes by asking the Court to "preclude the Plaintiff from pursuing her Pregnancy Discrimination Act claim at trial" because "[w]ith the exclusion of the 2019 medical leave, the continuing violation doctrine upon which this Court relied to deny summary judgment no longer applies and Ms. Tourangeau's failure to file a complaint with the MHRC and EEOC within 300 days of her alleged pregnancy leave is fatal to her pregnancy discrimination claim." *Id.* at 14.

      **B.**     **Michele Tourangeau's Opposition**

4

In her reply, Ms. Tourangeau asserts that Nappi errs in its argument that she must establish medical causation between pregnancy and her medical absence in order to prove her claim of pregnancy discrimination. *Pl.'s Opp'n* at 11-13. In support she cites First Circuit caselaw that holds that a plaintiff need not produce expert medical causation evidence where it is "obvious to a lay jury that the condition affects" particular "bodily systems." *Id.* at 12-13 (quoting *Katz v. City Metal Co., Inc.*, 87 F.3d 26, 31 n.4 (1st Cir. 1996)).

## III. DISCUSSION

As framed by Nappi, the Court denies Nappi's motion in limine. The Court agrees with Nappi that if medical causation were required, Ms. Tourangeau would likely be obligated to produce expert testimony on whether urethral sling surgery in May of 2019 was related to a pregnancy in 2016. *See Darney v. Dragon Prods. Co., LLC*, 640 F. Supp. 2d 117, 122-23 (D. Me. 2009); *Merriam v. Wanger*, 2000 ME 159, ¶ 17, 757 A.3d 778, 782 ("Allowing a jury to infer causation on complex medical facts without the aid of expert testimony on the subject and without some showing that [the] conduct was 'more likely than not' a cause of [the] injury, stretches the jury's role beyond its capacity"). But, as Ms. Tourangeau has written, "[t]his is not a medical malpractice case." *Pl.'s Opp'n* at 11.

The issue before the jury will be whether Nappi treated Ms. Tourangeau less favorably than other employees because of her pregnancy. J. TORRESEN & J. HORNBY, PATTERN JURY INSTRUCTIONS § 1.2 (General Discrimination: Mixed Motive). The resolution of this issue depends not on what a medical expert would say, but what

Ms. Tourangeau said when she took leave in May 2019 and what Nappi understood was the reason for her leave. The jury will be asked to resolve this issue by evaluating Ms. Tourangeau's communications with Nappi, including its Human Resources Office and her superiors, and how Nappi responded. On this factual issue, the evidence about who said what to whom and what they understood is much too sparse to draw any legal conclusions. As regards Nappi's main point, namely that expert testimony is necessary to prove a claim of pregnancy discrimination, the Court disagrees.

## IV.  CONCLUSION

The Court DENIES the Defendant's Motion in Limine to Exclude Evidence Related to Ms. Tourangeau's Medical Leave in May of 2019 (ECF No. 124 at 11-14).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 16th day of February, 2023