UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHELE TOURANGEAU, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NAPPI DISTRIBUTORS, )<br>)<br>Defendant. ) | No. 2:20-cv-00012-JAW |

**ORDER ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF MICHELE TOURANGEAU'S 2015 VACATION**

In anticipation of trial, the employer files a motion in limine to exclude evidence of the plaintiff's alleged 2015 unpaid vacation in support of any claim at trial. The employer contends that this evidence was never alleged or disclosed prior to the close of discovery and instead appeared for the first time in the plaintiff's affidavit in support of her opposition to summary judgment. The plaintiff insists that she has fully complied with her discovery obligations and points to numerous bates-stamped documents to prove her point. The Court concludes that it does not have sufficient evidence in this record to fairly rule on the motion and therefore dismisses it without prejudice. If the employer wishes to reinitiate the motion, it may do so, but the Court will require the parties to provide a detailed accounting of the parties' discovery.

**I.    PROCEDURAL HISTORY**

On January 3, 2023, the Court issued a final pretrial order, which set this case for jury selection on February 6, 2023 and for trial from February 27, 2023 through

March 3, 2023. *Report of Final Pretrial Conference and Order* at 3 (ECF No. 116) (*Pretrial Order*). In its Pretrial Order, the Court set January 30, 2023 as the date by which any motions in limine must be filed and February 6, 2023 as the date by which any responses must be filed. *Pretrial Order* at 2.

On January 30, 2023, Nappi filed a motion in limine to exclude evidence of Ms. Tourangeau's 2015 vacation (ECF No. 124 at 14-17) (*Def.'s Mot.*). On the same day, Ms. Tourangeau filed a motion to request a weeklong extension of the Court's scheduling order as set out in the Pretrial Order. *Mot. to Am. Procedural Order* (ECF No. 129). Over objection, the Court granted Ms. Tourangeau's motion on January 31, 2023 and extended the filing date for motions in limine to February 6, 2023 and for responses to February 13, 2023. *Order* (ECF No. 131).

On the same day, Nappi filed a motion for reconsideration asking the Court to "reconsider its January 31, 2023 Order on the Plaintiff's Motion to Amend Procedural Order" or alternatively "amend the January 31 Order to provide that the Plaintiff will have one week to prepare responses to Nappi's timely filed motions in limine." *Def. Nappi Distributors' Mot. to Reconsider Order on Mot. to Am. Procedural Order* (ECF No. 132) (*Mot. for Recons.*). On February 1, 2023, Ms. Tourangeau replied. *Pl.'s Opp'n to Def.'s Mot. for Recons.* (ECF No. 134). Concluding that "justice would be better served if it had both the Plaintiff's and the Defendant's submissions so that it could make the correct rulings and prepare appropriate jury instructions" and that "the impact on Nappi [and the Court], although real, appeared manageable," the

2

Court denied Nappi's Motion for Reconsideration. *Order Denying Mot. for Recons.* at 9-10 (ECF No. 136).

On February 13, 2023, Ms. Tourangeau filed her response to Nappi Distributors' motion in limine to exclude evidence of Ms. Tourangeau's 2015 vacation. *Pl.'s Resp. to Def.'s Mots. in Limine* at 13-14 (ECF No. 154) (*Pl.'s Opp'n*).

The Court's Final Pretrial Order provided that "[n]o replies will be allowed except by motion." *Pretrial Order* at 2. No such motion was filed.

## II.  THE PARTIES' POSITIONS

### A.  Nappi's Motion in Limine

Nappi contends that "[b]ecause Ms. Tourangeau failed to disclose [any information regarding her alleged unpaid vacation in 2015] at any time prior to the close of discovery, and because this failure was neither substantially justified nor harmless, the allegation cannot be used at trial to support any of Ms. Tourangeau's claims." *Def.'s Mot.* at 15. Nappi further contends that Ms. Tourangeau was "asked numerous times throughout the course of discovery to disclose all facts relevant to her specific claims," *id.*, and yet "despite these specific requests," she "never once mentioned this 2015 vacation for which she claims she worked without pay prior to including this information in her affidavit in support of her opposition to summary judgment." *Id.* at 16. Nappi specifies that Ms. Tourangeau "did not include [her alleged 2015 vacation] as an allegation in her Complaint in support of any claim," and, moreover, "[s]he never included it in her interrogatory answers, specifically with respect to Interrogatories 17-21, which seek precisely this information." *Id.*

3

Additionally, Ms. Tourangeau "never supplemented her discovery responses as required by Rule 26 and the Interrogatories themselves to add an allegation concerning unpaid work she allegedly performed while on vacation in 2015." *Id.*

Nappi submits that it was thereby "deprived of an opportunity to investigate this allegation throughout the course of discovery and was blindsided when that allegation became the subject of her defense to summary judgment" and urges the Court to exclude this evidence under Rule 37(c) in support of any claim at trial.

### B.  Michele Tourangeau's Opposition

In her response, Ms. Tourangeau insists that she did in fact disclose information about unpaid commissions, salary, and incentives in 2015 and she cites numerous bates-stamped documents that she says confirm her compliance with her discovery obligations. *Pl.'s Opp'n* at 14.

### III.  DISCUSSION

Here, the lawyers disagree with each other about what was and was not produced during discovery. Having reviewed the motion and response, the Court knows of no way to resolve this dispute, since it is based not on the actual discovery documents and responses, but on conflicting assertions by counsel in contradictory memoranda. The Court could haul the attorneys before the Court, place them under oath, and cross-examine them as to the accuracy of their representations to the Court, but without the underlying documentation, such an extraordinary process would likely be fruitless.

The Court is dismissing the motion without prejudice. Upon review of discovery, if Nappi wishes to press the matter, it may do so, but the Court reiterates that it cannot fairly rule on this issue without a fully developed discovery record.

## IV. CONCLUSION

The Court DISMISSES without prejudice the Defendant's Motion in Limine to Exclude Evidence of Ms. Tourangeau's 2015 Vacation (ECF No. 124 at 14-17).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 16th day of February, 2023