UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MICHELE TOURANGEAU,              )
                                 )
            Plaintiff,           )
                                 )
      v.                         )
                                 )        No. 2:20-cv-00012-JAW
NAPPI DISTRIBUTORS,              )
                                 )
            Defendant.           )

### ORDER ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY AT TRIAL FROM WITNESSES NEVER IDENTIFIED OR DISCLOSED AS POTENTIAL WITNESSES DURING DISCOVERY

In anticipation of trial, the defendant files a motion in limine to exclude testimony at trial from witnesses who were never identified or disclosed by the plaintiff as potential witnesses prior to the close of discovery. The defendant contends that of the twenty-five potential witnesses listed by the plaintiff in her pre-trial memorandum, twelve were never identified in the plaintiff's initial disclosures or interrogatories as having relevant information. The defendant therefore asks the Court to exclude these witnesses from testifying at trial because the plaintiff's failure to identify them is neither harmless nor substantially justified.

In turn, the Plaintiff says that she disclosed at least one witness, that the defendant has actual knowledge of the testimony of a second witness, and that the remaining witnesses are being called purely for impeachment.

Taking into account the First Circuit's directive about the factors a trial court should evaluate in deciding whether to impose a Rule 37 sanction against a party,

the Court concludes that it does not have sufficient information in this record to decide the defendant's motion and therefore dismisses it without prejudice.

## I.   PROCEDURAL HISTORY

On January 3, 2023, the Court issued a final pretrial order, which set this case for jury selection on February 6, 2023 and for trial from February 27, 2023 through March 3, 2023. *Report of Final Pretrial Conference and Order* at 3 (ECF No. 116) (*Pretrial Order*).  In its Pretrial Order, the Court set January 30, 2023 as the date by which any motions in limine must be filed and February 6, 2023 as the date by which any responses must be filed.  *Pretrial Order* at 2.

On January 30, 2023, Nappi filed a motion in limine to exclude testimony from witnesses never identified or disclosed as potential witnesses during discovery (ECF No. 124 at 19-21) (*Def.'s Mot.*).  On the same day, Ms. Tourangeau filed a motion to request a weeklong extension of the Court's scheduling order as set out in the Pretrial Order.  *Mot. to Am. Procedural Order* (ECF No. 129).  Over objection, the Court granted Ms. Tourangeau's motion on January 31, 2023 and extended the filing date for motions in limine to February 6, 2023 and for responses to February 13, 2023. *Order* (ECF No. 131).

On the same day, Nappi filed a motion for reconsideration asking the Court to "reconsider its January 31, 2023 Order on the Plaintiff's Motion to Amend Procedural Order" or alternatively "amend the January 31 Order to provide that the Plaintiff will have one week to prepare responses to Nappi's timely filed motions in limine." *Def. Nappi Distributors' Mot. to Reconsider Order on Mot. to Am. Procedural Order*

(ECF No. 132) (*Mot. for Recons.*).  On February 1, 2023, Ms. Tourangeau replied.  *Pl.'s Opp'n to Def.'s Mot. for Recons.* (ECF No. 134).  Concluding that "justice would be better served if it had both the Plaintiff's and the Defendant's submissions so that it could make the correct rulings and prepare appropriate jury instructions" and that "the impact on Nappi [and the Court], although real, appeared manageable," the Court denied Nappi's Motion for Reconsideration.  *Order Denying Mot. for Recons.* at 10 (ECF No. 136).

On February 13, 2023, Ms. Tourangeau filed her response to Nappi Distributors' motion in limine to exclude testimony from witnesses never identified or disclosed as potential witnesses during discovery (ECF No. 154) (*Pl.'s Opp'n*).  The Court's Final Pretrial Order provided that "[n]o replies will be allowed except by motion."  *Pretrial Order* at 2.  No such motion was filed.

## II.   THE PARTIES' POSITIONS

### A.   Nappi's Motion in Limine

Nappi submits that "of the twenty-five potential witnesses listed by [Ms. Tourangeau] in her Pre-Trial Memo, several were never identified in [her] initial disclosures or interrogatories as individuals who may have potentially relevant information, including: Amanda 'Mandi' Leigh Ford,[1] Terrence O'Brien, John Lambert, John Kearney, Shawn Yale, Taylor Bailey, Geoff Sturgess, Duane Preble,

---

[1]    Nappi specifies that Amanda Leigh Ford "was never identified as a potential witness in this matter [but] she did execute an affidavit."  *Def.'s Mot.* at 19 n.3.  Nappi argues nonetheless that Ms. Ford should be precluded from testifying and requests that "[t]o the extent the Court is inclined to allow her to testify . . . it should be limited in scope to what is contained in her affidavit."  *Id.*

Steve Cohen, Robert Cormier, Robert Witham, and Mary Johnson.²" *Id.* at 19.  Nappi further submits that "[b]ased on the requirements of Rule 26, as well as the explicit instruction in the Interrogatories," Nappi believed that "all potential witnesses to be called at trial (aside from those used exclusively for rebuttal purposes) would be identified and disclosed prior to the close of discovery." *Id.* at 20.  Nappi explains that "[s]uch disclosure is crucial" because Nappi would have "sought an opportunity to depose the individual to ascertain—under oath—what information he or she may have concerning the Plaintiff's claims, challenge the witness's credibility, and explore possible defenses." *Id.* at 20-21.

Nappi contends that because "Ms. Tourangeau's failure to identify and disclose the[se witnesses] prior to her Pre-Trial Memorandum was neither harmless nor substantially justified[, p]ursuant to Rule 37(c), this Court must preclude those new witnesses identified above from testifying at trial." *Id.* at 21.

### B.   Michele Tourangeau's Opposition

In her February 13, 2023 response, Ms. Tourangeau contends that Nappi wrongly claims discovery violations as to some witnesses and that disclosure is not required as to others because Ms. Tourangeau intends to call these witnesses for impeachment or as rebuttal witnesses.  *Pl.'s Opp'n* at 15-16.  Regarding Amanda "Mandi" Leigh Ford, Ms. Tourangeau states that she disclosed Ms. Ford's affidavit

---

[2]     Nappi specifies that Mary Johnson "was deposed in another matter involving the same attorneys and Defendant, *Donovan v. Nappi Distributors*." *Id.* at 19 n.4.  Nappi contends, however, that because "she was never identified or disclosed as someone with information relevant to Ms. Tourangeau's claim and was never deposed in this case . . . she must be excluded from testifying in this case, and her testimony from the [other] matter cannot be used as evidence to support Ms. Tourangeau's claims." *Id.*

4

during discovery and, in fact, Nappi subpoenaed her for a deposition on March 12, 2021 but decided not to proceed with it. *Id.* (citing Attach. 3, *Subpoena to Test. at a Dep. in a Civil Action*).  Regarding Mary Johnson, Ms. Tourangeau says that Ms. Johnson's knowledge became evident during a deposition in *Donovan v. Nappi Distributors*, Docket No. 2:21-cv-70-JAW, during Nappi's direct examination of Ms. Johnson. *Id.* at 16.  Ms. Tourangeau states that she does not intend to question Ms. Johnson beyond what has already been revealed in her deposition in *Donovan*. *Id.* Ms. Tourangeau says that she intends to call almost all of the remaining witnesses (she does not mention Robert Witham), who are all Nappi employees for impeachment or rebuttal. *Id.*

## III.   DISCUSSION

Federal Rule of Civil Procedure 26 requires that in general a party must "provide to the other parties . . . the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(i), 26(e)(1).  "'If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure . . . is harmless." *Burnett v. Ocean Props.*, 987 F.3d 57, 73 (1st Cir. 2021 (quoting FED. R. CIV. P. 37(c)(1)).

The Court does not have enough information to make a definitive ruling on this motion.  In essence, Nappi is requesting that the Court impose a Rule 37 sanction

on Ms. Tourangeau and exclude evidence because of asserted discovery violations. The First Circuit has reiterated the factors a court should consider when ruling on such a motion:

> [T]he sanctioned party's justification for the late disclosure; the opponent-party's ability to overcome its adverse effects (i.e., harmlessness); the history of the litigation; the late disclosure's impact on the district court's docket; and the sanctioned party's need for the precluded evidence.

*Burnett v. Ocean Props.*, 987 F.3d 57, 74 (1st Cir. 2021) (quoting *Harriman v. Hancock Cnty.*, 627 F.3d 22, 30 (1st Cir. 2010) (citing *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 76 (1st Cir. 2009)).  There is not enough information in this record to perform the Rule 37 evaluation as explicated by the First Circuit.

To assist the parties, the Court agrees with Nappi that it would have been preferable if the Plaintiff had fully complied with her discovery disclosure obligations and provided Ms. Ford's and Ms. Johnson's names as potential witnesses.  If she had done so, there would be no need for Nappi's motion in limine.  Even so, other than the fact that Ms. Tourangeau failed to comply with the letter of the rule, it is difficult to understand how Nappi was prejudiced regarding either witness.  *Burnett*, 987 F.3d at 73 ("unless the failure . . . is harmless").

With Ms. Ford, Nappi has her affidavit and decided not to proceed with her deposition.  Nappi urges the Court to limit her testimony to the contents of her affidavit, but Nappi has not supplied her affidavit, and Ms. Tourangeau had not stated whether she wishes to question Ms. Ford beyond the contents of her affidavit, so the Court does not know the practical significance of Nappi's requested sanction.

6

With Ms. Johnson, according to the parties, Nappi has deposed her and, even though Ms. Tourangeau failed to list her a witness, it is difficult to know how Nappi has been prejudiced when it knows what she is going to say.  If a case could be made that Ms. Tourangeau's failure to list Ms. Ford and Ms. Johnson is in fact prejudicial to Nappi, Nappi has not made it.

Regarding the undisclosed witnesses, the Court is unable to rule on this part of the motion because it does not have enough information.  Rule 26's advisory committee note suggests that a party must disclose evidence about rebuttal witnesses.  FED. R. CIV. P. 26(a)(1), advisory committee's note to 2000 amendment ("The disclosure obligation applies to 'claims and defenses,' and therefore requires a party to disclose information it may use to support its denial <u>or rebuttal</u> of the allegations, claim or defense of another party") (emphasis supplied); *United States v. 434 Main St.*, No. 09-11635-JGD, 2012 U.S. Dist. LEXIS 159532, at *2 (D. Mass. Nov. 7, 2012) ("[T]he fact that the [plaintiff] proposes to use [a previously undisclosed witness] solely for purposes of rebutting [defendant's] defense does not constitute an adequate excuse for its failure to identify [the witness] as a potential witness under Rule 26(a)(1)(A)").

However, the Rule exempts impeachment evidence from disclosure.  FED. R. CIV. P. 26(a)(1) ("[A] party must . . . provide to the other parties: the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, <u>unless the use would be solely for impeachment</u>") (emphasis supplied);

FED. R. CIV. P. 37, advisory committee's note to 1993 amendment ("As disclosure of evidence offered solely for impeachment purposes is not required under those rules, this preclusion sanction likewise does not apply to that evidence").

The line between rebuttal and impeachment evidence is not always crystal clear and it is murky in this case with these witnesses because the parties have not explained what the evidence is expected to be and how these undisclosed witnesses are expected to rebut or impeach other evidence. Thus, the parties have not presented enough of a factual context of the proposed testimony of these undisclosed witnesses to allow the Court to draw the distinction in this case for these witnesses. The Court will revisit this issue, if necessary, at trial when the full context of the proposed testimony becomes clearer.

## IV.   CONCLUSION

The Court DISMISSES without prejudice the Defendant's Motion in Limine to Exclude Testimony from Witnesses Never Identified or Disclosed as Potential Witnesses during Discovery (ECF No. 124 at 19-21).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 17th day of February, 2023