UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHELE TOURANGEAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 2:20-cv-00012-JAW |
| NAPPI DISTRIBUTORS, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE INTRODUCTION OF EVIDENCE OF ALLEGED LOST INCOME OR UNPAID WAGES**

In anticipation of trial, the defendant files a motion in limine to exclude evidence of the plaintiff's alleged lost income or unpaid wages. The defendant contends that the plaintiff has not provided any computation or itemization of her alleged lost income or unpaid wages despite an interrogatory seeking such itemization and that her failure to do so is not harmless because—on the eve of trial— the defendant still does not know how the plaintiff plans to calculate her alleged losses or what amounts she is claiming. The Court dismisses without prejudice the defendant's motion in limine and will address the matter at trial.

**I. PROCEDURAL HISTORY**

On January 3, 2023, the Court issued a final pretrial order, which set this case for jury selection on February 6, 2023 and for trial from February 27, 2023 through March 3, 2023. *Report of Final Pretrial Conference and Order* at 3 (ECF No. 116) (*Pretrial Order*). In its Pretrial Order, the Court set January 30, 2023 as the date by

which any motions in limine must be filed and February 6, 2023 as the date by which any responses must be filed. *Pretrial Order* at 2.

On January 30, 2023, Nappi filed a motion in limine to exclude the introduction of evidence of alleged lost income or unpaid wages (ECF No. 124 at 21-22) (*Def.'s Mot.*). On the same day, Ms. Tourangeau filed a motion to request a weeklong extension of the Court's scheduling order as set out in the Pretrial Order. *Mot. to Am. Procedural Order* (ECF No. 129). Over objection, the Court granted Ms. Tourangeau's motion on January 31, 2023 and extended the filing date for motions in limine to February 6, 2023 and for responses to February 13, 2023. *Order* (ECF No. 131).

On the same day, Nappi filed a motion for reconsideration asking the Court to "reconsider its January 31, 2023 Order on the Plaintiff's Motion to Amend Procedural Order" or alternatively "amend the January 31 Order to provide that the Plaintiff will have one week to prepare responses to Nappi's timely filed motions in limine." *Def. Nappi Distributors' Mot. to Reconsider Order on Mot. to Am. Procedural Order* (ECF No. 132) (*Mot. for Recons.*). On February 1, 2023, Ms. Tourangeau replied. *Pl.'s Opp'n to Def.'s Mot. for Recons.* (ECF No. 134). Concluding that "justice would be better served if it had both the Plaintiff's and the Defendant's submissions so that it could make the correct rulings and prepare appropriate jury instructions" and that "the impact on Nappi [and the Court], although real, appeared manageable," the Court denied Nappi's Motion for Reconsideration. *Order Denying Mot. for Recons.* at 10 (ECF No. 136).

On February 13, 2023, Ms. Tourangeau filed her response to Nappi Distributors' motion in limine. (ECF No. 154) (*Pl.'s Opp'n*).

## II.  THE PARTIES' POSITIONS

### A.  Nappi's Motion in Limine

Nappi explains that in Ms. Tourangeau's initial disclosure, she "indicated that she was seeking damages for alleged unpaid wages and alleged lost income [but] she did not provide a computation of those alleged damages, nor did she ever supplement her disclosures to provide such a computation." *Def.'s Mot.* at 21. Nappi then "sought an itemization of Ms. Tourangeau's damages through a specific interrogatory . . . [and] Ms. Tourangeau did not provide such an itemization . . . nor did she ever supplement her responses to provide such an itemization." *Id.*

Nappi contends that Ms. Tourangeau "should not be permitted to offer evidence of her economic damages because her failure to provide a computation or an itemization—as required by the Court's rules—is neither justified nor harmless [and t]he information and documentation Ms. Tourangeau would presumably need to make such a calculation is entirely within her control." *Id.* at 22. Nappi further contends that Ms. Tourangeau's "failure to provide a computation or an itemization" is not harmless because Nappi "still does not know how Ms. Tourangeau plans to calculate her alleged losses, nor does it know what amounts she is claiming." *Id.*

### B.  Michele Tourangeau's Opposition

Although Ms. Tourangeau responded to each of the other Nappi motions in limine, she failed to respond to Nappi's motion as it pertains to her lost income or

3

unpaid wage claim. *Pl.'s Opp'n* at 1-18. Therefore, the Court does not know her position in response to Nappi's allegations of her discovery violations. The Court is aware that on February 5, 2023, Ms. Tourangeau included a detailed recitation of her asserted lost wages in her trial brief. *Pl.'s Trial Br.* at 8-10 (ECF No. 137). Her total lost wage claim is for $151,338.67 and she says that as liquidated damages, the figure is increased to $302,677.34. *Id.* at 10.

## III.   DISCUSSION

Federal Rule of Civil Procedure 37(c)(1) provides:

> (1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Federal Rule of Civil Procedure 26(e)(1)(A) provides:

> (1) *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
>> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

"If the tardy disclosure will significantly impact the scheduling order or the other party's ability to properly respond to the use of the evidence in the motion or at trial, then the tardy disclosure cannot be considered harmless." *Alden v. Office Furniture Distribs. of New England*, No. 1:10-cv-00316-GZS, 2011 U.S. Dist. LEXIS 49819, at *9 (D. Me. May 9, 2011). The party that has failed to timely disclose must "show that

4

its failure to comply with the Rule by not filing its supplemental disclosure . . . [i]s harmless and deserving of some lesser sanction other than mandatory exclusion." *Id.* (citing *Wilson v. Bradlees of New England*, 250 F.3d 10, 21 (1st Cir. 2001)).

Federal Rule of Civil Procedure 33 governing interrogatories provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3).

Once again, the Court does not have enough information to act on Nappi's motion, mostly because perhaps through inadvertence, Ms. Tourangeau failed to respond to this part of Nappi's motion in limine. As set forth in her trial brief, Ms. Tourangeau's lost wage claim is substantial — over $150,000 in actual damages and over $300,000 in liquidated damages – and the Court recognizes the significance of the exclusion of this element of damages. Accordingly, the Court is dismissing without prejudice Nappi's motion and will address the issue at trial. Counsel for the Plaintiff should be prepared to address Nappi's disclosure violation argument and counsel for Nappi should be prepared to address the issue of the prejudice to Nappi from the absence of disclosure.

## IV. CONCLUSION

The Court DISMISSES without prejudice the Defendant's Motion in Limine to Exclude the Introduction of Evidence of Alleged Lost Income or Unpaid Wages (ECF No. 124 at 21-22) and will address this issue, if necessary, at trial.

SO ORDERED.

                                              /s/ John A. Woodcock, Jr.
                                              JOHN A. WOODCOCK, JR.
                                              UNITED STATES DISTRICT JUDGE

Dated this 17th day of February, 2023