UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MICHELE TOURANGEAU,<br><br>      Plaintiff,<br><br>    vs.<br><br>NAPPI DISTRIBUTORS,<br><br>      Defendant. | Civil No. 20-00012-JAW |

**DEFENDANT NAPPI DISTRIBUTORS' RENEWED MOTION IN *LIMINE***

In its Order on Defendant's Motion in Limine to Exclude Evidence of Michele Tourangeau's 2015 Vacation, the Court dismissed the Motion without prejudice, indicating that "[u]pon review of discovery, if Nappi wishes to press the matter, it may do so, but the Court reiterates that it cannot fairly rule on this issue without a fully developed discovery record." ECF No. 161, at 5. Defendant Nappi Distributors ("Nappi") has reviewed the Plaintiff's Complaint, her responses to interrogatories, and her deposition testimony. It has also reviewed the documents identified by the Plaintiff in her opposition to this Motion. Based on that review, Nappi believes there is a sufficient record for the Court to grant Nappi's request to exclude evidence of an alleged failure to pay the Plaintiff for work allegedly performed while she was on an unpaid vacation in 2015. Therefore, Nappi renews its Motion on this issue and supplements the record accordingly.

Nappi's Motion in Limine on this issue is based on the Plaintiff's own pleadings and responses to specific inquiries about the bases for her claims, and not on counsels' assertions about discovery. First, the Plaintiff does not allege in her Complaint that Nappi allegedly failed to pay her for work performed while she was on an unpaid vacation in 2015 or that such an allegation was the basis for a claim. In fact, the Complaint does not reference the unpaid vacation in 2015 at all.

In addition, the Plaintiff was asked numerous times throughout the course of discovery to disclose all facts relevant to her specific claims. For example, in Interrogatory No. 17, Plaintiff was asked to "identify and describe the events or conduct that [she] contend[s] constituted a violation of the Maine Timely and Full Payment of Wages Law, including a breakdown of the commissions and incentives [she] claim[s] were earned and owed for work [she] performed that have not been timely paid...." Tourangeau Ans. to Interrogatories, No. 17.[1] Similarly, Interrogatory No. 18 asked the Plaintiff to "identify and describe all services that [she] rendered ... for which [she] did not receive payment or compensation." *Id.* at 18. Interrogatories 19, 20, and 21 seek similar information related to alleged work performed for which the Plaintiff claimed she was not paid under Maine's Untimely Wage Act, quantum meruit, or unjust enrichment. *See id.* at 19, 20, and 21. Despite these specific requests – requests designed to eliminate unfair surprise – the Plaintiff never once mentioned this 2015 vacation for which she claims she worked without pay prior to including this information in her affidavit in support of her opposition to summary judgment (months after the close of discovery).

Similarly, the Plaintiff was asked during her deposition to describe the actions of Nappi that supported her claims and to describe the damages she seeks related to each claim. ECF No. 74, PageID # 1898-1899 (Tourangeau dep. at 301/17 to 306/19). The Plaintiff never indicated that her claims were based on an allegation that she worked during an unpaid vacation but was not paid for that work or that she was seeking damages based on such an allegation.[2] Finally, the Plaintiff never supplemented her discovery responses as required by Rule 26 and the

---

[1] A copy of the Plaintiff's Interrogatory Answers is attached as Exhibit 1.

[2] In fact, the words "vacation" or "vacations" only appear in the Plaintiff's deposition eight times. ECF No. 74, PageID # 1866 & 1935 (word indexes). None of those references involve an unpaid vacation in 2015 nor any claim based on such a vacation. *See* ECF No. 74, PageID # 1787 (Tourangeau dep. at 14/8-15); ECF No. 74, PageID # 1793 (Tourangeau dep. at 40/25 to 41/21); ECF No. 74, PageID # 1799-1800 (Tourangeau dep. at 65/11 to 66/16); ECF No. 74, PageID # 1823 (Tourangeau dep. at 160/21 to 161/11); ECF No. 74, PageID # 1883 (Tourangeau dep. at 242/3-12); ECF No. 74, PageID # 1885 (Tourangeau dep. at 250/19 to 251/11).

Interrogatories themselves to add an allegation concerning unpaid work she allegedly performed while on vacation in 2015.

In opposing Nappi's Motion in Limine on this issue, the Plaintiff does not argue that she raised this allegation in her Complaint, she does not point to interrogatory answers or deposition testimony that refer to such an allegation, nor does she suggest that she supplemented her discovery responses in a timely manner to include this allegation. Rather, she refers to two documents, which she claims were sufficient to provide Nappi notice of a claim related to work on an unpaid vacation. The first document – "Tourangeau0000398-399" – was not provided to the Court, and therefore affords no assistance in resolving this issue. However, even her description of the document – one "reflecting sales and commissions through February 28, 2015" – does not suggest that she is making a claim for compensation for work performed during an unpaid vacation in 2015. For the Court's convenience, the document is attached as Exhibit 2. As the Court can observe, it is nothing more than a spreadsheet, which in no way indicates or reflects that the Plaintiff is making a claim for compensation for work performed during an unpaid vacation.

The second document – "Tourangeau 250-256" – also does not indicate or reflect that the Plaintiff is making a claim for compensation for work performed during an unpaid vacation. The document appears to be comprised of two separate text exchanges: one that started on January 30, 2015 and ended on February 9, 2015 ("Tourangeau 251-256"); and the other that started on October 13, 2015 and ended the same day ("Tourangeau 250"). The former exchange does not refer to the Plaintiff being on unpaid vacation, nor does it refer to any issue regarding compensation.[3] The latter exchange pertains to the Plaintiff's eligibility for vacation time, but it does not suggest that the Plaintiff worked during an unpaid vacation, nor does it suggest that the

---

[3] The Plaintiff asserts in her opposition that the exchange was "related to the unpaid time working when Ian Brown's wife went into labor early in February 2015." ECF No. 154, at 14. However, that representation is not supported by the document itself, which makes no reference to "unpaid time working." And the document certainly does not indicate that the Plaintiff is claiming compensation for what she describes in her opposition as unpaid time working.

3

Plaintiff is asserting a claim for compensation based on alleged work she did during an unpaid vacation in February of 2015. In short, neither document presented by the Plaintiff addresses either the alleged factual basis for the claim (that the Plaintiff allegedly worked during an unpaid vacation) or that the Plaintiff was asserting such a claim in this case. Therefore, neither document could have put Nappi on notice that the Plaintiff was asserting such a claim.

Finally, the Court should reject the Plaintiff's suggestion that her claim for compensation for work performed during an unpaid vacation was "outlined and discussed during the Judicial Settlement Conference with Judge Nivison." As the Court is no doubt aware, pursuant to the Order Setting Settlement Conference, the parties were required to submit their position statements *in camera* – therefore, Nappi does not know what the Plaintiff "outlined" to Magistrate Judge Nivison in her submission. ECF No. 18, at 1 (requiring parties to submit an "in camera statement" in advance of the settlement conference). Moreover, Magistrate Judge Nivison's substantive discussions during the conference were conducted in private meetings with the parties – therefore, the Plaintiff and her attorneys would have no way to know what Magistrate Judge Nivison discussed with Nappi. In any event, if the Plaintiff intended to assert such a claim, she was nonetheless obligated to supplement her interrogatory answers. Fed. R. Civ. P. 26(e); *see Sheek v. Asia Badger, Inc.*, 235 F.3d 687, 693 (1st Cir. 2000) (noting that the supplementation requirement under Rule 26(e) is designed to help parties avoid the burden of responding to unexpected and last-minute changes and in turn, promotes the broader purpose of discovery, which is "the narrowing of issues and the elimination of surprise") (quoting *Johnson v. H.K. Webster, Inc.*, 775 F.2d 1, 7 (1st Cir. 1985)); *see also United States v. Philip Morris USA, Inc.*, 219 F.R.D. 198, 201 (D.D.C. 2004) (noting obligation to timely supplement interrogatory responses and precluding the government from adding new claims in the case at the summary judgment stage). And she does not indicate in response to Nappi's Motion that she did so.

As a result of the Plaintiff's failure to disclose her claim concerning her 2015 vacation at any time prior to the close of discovery, Nappi was deprived of an opportunity to investigate this allegation throughout the course of discovery and was blindsided when that allegation became the subject of her defense to summary judgment. To say this amounted to unfair surprise that has significantly prejudiced Nappi's ability to defend this claim is an understatement. The Plaintiff's failure to reveal this information prior to the close of discovery cannot be deemed harmless. *See Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1171 (1st Cir. 1995) ("The truth-seeking function of our adversarial system of justice is disserved when the boundaries of a suit remain ill-defined and litigants are exposed to the vicissitudes of trial by ambush."); *Sheek*, 235 F.3d at 693.

Therefore, pursuant to Rule 37(c), this Court must exclude evidence of the Plaintiff's alleged unpaid work during a vacation in 2015 in support of any of her claims at trial. *See* 37(c)(1); *Lohnes v. Level 3 Commc'ns, Inc.,* 272 F.3d 49, 60 (1st Cir. 2002) (holding that "the required sanction in the ordinary case [for a late disclosure in violation of Rule 37] is mandatory preclusion") (quoting *Klonski v. Mahlab,* 156 F.3d 255, 269 (1st Cir. 1998)); *United States v. Philip Morris USA, Inc.*, 219 F.R.D. at 201.

Dated at Portland, Maine this 17th day of February, 2023.

        Attorneys for Defendant Nappi Distributors
        MONAGHAN LEAHY, LLP
        95 Exchange Street, P.O. Box 7046
        Portland, ME 04112-7046
        (207) 774-3906

BY:   /s/ John J. Wall, III
       John J. Wall, III
       jwall@monaghanleahy.com

BY:   /s/ Laura Maher
       Laura Maher
       lmaher@mleahy.com

## CERTIFICATE OF SERVICE

I hereby certify that on 17th day of February, 2023, I electronically filed **Defendant Nappi Distributors' Renewed Motion in *Limine*** using the CM/ECF system, which will provide notice to me and all other counsel of record.

Dated at Portland, Maine this 17th day of February, 2023.

                              Attorneys for Defendant Nappi Distributors
                              MONAGHAN LEAHY, LLP
                              95 Exchange Street, P.O. Box 7046
                              Portland, ME 04112-7046
                              (207) 774-3906
                              jwall@monaghanleahy.com

BY:    /s/ John J. Wall, III
           John J. Wall, III