UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHELE TOURANGEAU, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) No. 2:20-cv-00012-JAW<br>NAPPI DISTRIBUTORS, )<br>)<br>Defendant. ) | |

**ORDER ON PLAINTIFF'S MOTION IN LIMINE
TO PRECLUDE TESTIMONY REGARDING AFFIRMATIVE DEFENSE TO
EQUAL PAY ACT CLAIM BEYOND WHAT WAS SUBMITTED TO MAINE
HUMAN RIGHTS COMMISSION**

In anticipation of trial, the plaintiff files a motion in limine to preclude the defendant from introducing any evidence and testimony related to affirmative defenses to the Equal Pay Act violations beyond the seniority affirmative defense and information submitted to the Maine Human Rights Commission. The plaintiff contends that because the defendant has provided no record evidence of any affirmative defense other than seniority and nondisclosure was neither justified nor harmless, any such evidence should now be excluded pursuant to Federal Rule of Civil Procedure 37. Having considered the factors a trial court should consider when determining the appropriate sanction for late disclosure, the Court concludes that because the defendant's violation is harmless, no sanction should issue under Rule 37(c).

I.  **PROCEDURAL HISTORY**

On January 3, 2023, the Court issued a final pretrial order, which set this case for jury selection on February 6, 2023 and for trial from February 27, 2023 through March 3, 2023. *Report of Final Pretrial Conference and Order* at 3 (ECF No. 116) (*Pretrial Order*). In its Pretrial Order, the Court set January 30, 2023 as the date by which any motions in limine must be filed and February 6, 2023 as the date by which any responses must be filed. *Pretrial Order* at 2.

On January 30, 2023, Ms. Tourangeau filed a motion to request a weeklong extension of the Court's scheduling order as set out in the Pretrial Order. *Mot. to Am. Procedural Order* (ECF No. 129). Over objection, the Court granted Ms. Tourangeau's motion on January 31, 2023 and extended the filing date for additional motions in limine to February 6, 2023 and for responses to February 13, 2023. *Order* (ECF No. 131).

On the same day, Nappi filed a motion for reconsideration asking the Court to "reconsider its January 31, 2023 Order on the Plaintiff's Motion to Amend Procedural Order" or alternatively "amend the January 31 Order to provide that the Plaintiff will have one week to prepare responses to Nappi's timely filed motions in limine." *Def. Nappi Distributors' Mot. to Reconsider Order on Mot. to Am. Procedural Order* (ECF No. 132) (*Mot. for Recons.*). On February 1, 2023, Ms. Tourangeau replied. *Pl.'s Opp'n to Def.'s Mot. for Recons.* (ECF No. 134). Concluding that "justice would be better served if it had both the Plaintiff's and the Defendant's submissions so that it could make the correct rulings and prepare appropriate jury instructions" and that

2

"the impact on Nappi [and the Court], although real, appeared manageable," the Court denied Nappi's Motion for Reconsideration. *Order Denying Mot. for Recons.* at 10 (ECF No. 136).

On February 6, 2023, Ms. Tourangeau filed her motion in limine regarding the defendant's affirmative defense to her Equal Pay Act claim. *Pl.'s Mot. in Limine to Preclude any Test. Regarding Affirmative Defense to Equal Pay Act Cl. Beyond What was Submitted to Me. Human Rights Comm'n* (ECF No. 143) (*Pl.'s Mot.*). In her motion, Ms. Tourangeau seeks to "preclude Nappi from introducing all evidence and testimony related to affirmative defenses to the Equal Pay Act violations beyond the seniority affirmative defense and information submitted to the Maine Human Rights Commission." *Id.* at 1.

On February 13, 2023, Nappi filed its response to Ms. Tourangeau's motion in limine. *Def. Nappi Distributors' Opp'n to Pl.'s Mots. in* Limine (ECF No. 146) (*Def.'s Opp'n*). In its opposition, Nappi argues that it is entitled to present evidence at trial of all affirmative defenses pleaded in its answer and is not limited to the testimony in its Maine Human Rights Commission filings. *Id.* at 5-8.

The Court's Final Pretrial Order provided that "[n]o replies will be allowed except by motion." *Pretrial Order* at 2. No such motion was filed.

## II. THE PARTIES' POSITIONS

### A. Ms. Tourangeau's Motion in Limine

In her motion, Ms. Tourangeau quotes this Court's November 29, 2022 Order on Nappi's motion for summary judgment to the effect that Nappi had not submitted

3

"'under which of the EPA's four exceptions it seeks to justify its actions'" and "'mentions only seniority as a factor in the route assignment, pay, and 3% commission of the grandfathered wine sales representatives.'" *Pl.'s Mot.* at 1-2 (quoting *Order on Summ. J.* at 106-07 (ECF No. 106)). Ms. Tourangeau explains how Interrogatory Number One was intended to elicit precisely this information, but, in response, "Nappi provided a lengthy objection based mostly on the burden of the request and then responded: '[t]he Defendant denies the Plaintiff's allegations of unlawful discrimination, statutory violations and common law torts. All of Defendant's actions were based on legitimated business decisions as is reflected in all the materials produced in response to the Plaintiff's Maine Human Rights Commission complaint and in response to discovery.'" *Id.* at 2.

Ms. Tourangeau further explains that she "requested that Defendant supplement its document production to include all hiring documents . . . relating to sales representatives from 2015 until the date of the sales representative in the wine department that has been employed with Nappi the longest (Steve Cohen, 1988)" and, in response, Nappi produced only "resumes, but none of which were submitted by any sales representatives employed by Nappi Distributors at the 3% commission rate." *Id.* at 3.

Ms. Tourangeau concludes that because "the record is devoid of any reason the 3% sales representatives are entitled or more deserving to higher earnings, other than they had been there longer and had opportunity to build up their accounts" and

4

nondisclosure was neither justified nor harmless, the Court should preclude the introduction of such evidence under Rule 37. *Id.*

    **B.**    **Nappi Distributors' Opposition**

In its opposition, Nappi notes that in its answer, it raised as affirmative defense number three, the affirmative defense of "one or more of the exceptions in 29 U.S.C. § 206(d)(i-iv)". *Def.'s Opp'n* at 5-6. Citing *Coons v. Industrial Knife Company, Inc.*, 620 F.3d 38, 41 (1st Cir. 2010), Nappi states that its assertion of an affirmative defense is all that is needed to preserve the issue for trial. *Id.* at 6. Also, Nappi says that its filings with the MHRC provided "a clear indication of an intent to rely on those enumerated statutory defenses." *Id.* Nappi also asserts that it "produced evidence in discovery to support those statutory defenses and Plaintiff's failure to notice that information or follow-up with witnesses during depositions concerning those defenses is no fault of Nappi." *Id.* Nappi pronounces as "entirely without merit" Ms. Tourangeau's contention that the defenses were undisclosed. *Id.* at 8.

**III.**    **DISCUSSION**

    **A.**    **Affirmative Defense and Discovery**

In its Answer, Nappi asserted a third affirmative defense:

> 3. The Defendant reserves the right to demonstrate that the Plaintiff's claims under the Federal Equal Pay Act are barred because one or more of the exceptions in 29 U.S.C. § 206(d)(i-iv) apply.

*Answer, Affirmative Defenses and Jury Trial Demand (Def. Nappi Distributors)* at 15 (ECF No. 7). Nappi correctly points out that the First Circuit has written that once a defendant "raised the limitations defense in its answer [,] no more was needed to

preserve the issue for trial." *Coons*, 620 F.3d at 41.  But, in *Coons*, the First Circuit was responding to the plaintiff's argument that, despite having raised an affirmative defense in its answer, the defendant had waived the affirmative defense because it had failed to assert its affirmative defenses by timely pretrial motion or renewed motion for judgment as a matter of law.  *Id.* at 40-41.  The First Circuit was merely ruling that to preserve an affirmative defense for trial, a defendant was not required to raise the issue again before trial by pretrial motion.

The proposition that, having raised an affirmative defense in its answer, a defendant need not reassert the affirmative defense in pretrial motion does not answer the question before the Court: namely, whether Nappi violated its discovery obligations by failing to disclose during discovery which of the four possible statutory affirmative defenses it was relying on and the underlying bases for each of its asserted affirmative defenses.  In other words, the assertion of an affirmative defense in an answer does not make the defendant immune from discovery when the plaintiff seeks an explanation for the bases of its assertion.

Turning to the heart of the Plaintiff's motion, responding to the Plaintiff's interrogatories on June 5, 2020, interrogatory one and the response reads:

> Q. For each of your denials and affirmative defenses in your answer to Plaintiff's complaint, identify all material facts which support or tend to support each denial and affirmative defense.
>
> A. RESPONSE: Objection.  To the extent this Interrogatory seeks an exhaustive recitation of all facts pertaining to each denial[] and affirmative defense in the Defendant's Answer through this single interrogatory, the Defendant objects to this Interrogatory on the grounds that the request is not

6

>proportional to the needs of the case in light of the amount of information the Plaintiff has already received from the Defendant through the Maine Human Rights Commission process, the parties' relative access to relevant information, the burden or expense of the proposed discovery on the Defendant in responding to such an interrogatory at this early stage of the litigation, and the likelihood that the response will require the Defendant to disclose protected work product. Without waiving these objections, the following response is provided: The Defendant denies the Plaintiff's allegations of unlawful discrimination, statutory violations, and common law torts. All of the Defendant's actions were based on legitimate business reasons, as is reflected in all of the materials produced in response to discovery.

*Pl.'s Mot.* Attach. 5, *Def. Nappi Distributors' Objs. and Resps. to Pl.'s First Set of Interrogatories* at 1-2. Nappi's response to the Plaintiff's interrogatory about its affirmative defense is insufficient.

At least as regards affirmative defense number three, the response says nothing. The Plaintiff had a right to know which of the four potential affirmative defenses under § 206(d)(1), Nappi was pressing. Instead, Nappi's objections are much longer than its response and asserts such frivolous objections as attorney work product. A fair reading of Nappi's response to interrogatory one gives no information about the facts supporting its affirmative defenses or even which affirmative defenses Nappi was asserting in affirmative defense three. Although this is something of a boilerplate response and may be understandable during the initial phase of litigation, there is no sign that Nappi has ever described—even now—precisely which of the four exclusions under § 206(d)(1) it is asserting.[1]

---

[1] As the Court will discuss, Nappi recently revealed that its third affirmative defense includes the seniority system, merit system, and quality and quantity of production defenses, but the Court is not clear even now whether Nappi is asserting the other factor defense and, if so, on what basis.

To explain, under the subheading "Prohibition of sex discrimination," § 206(d)(1) states:

> (1) No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: Provided, That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee.

29 U.S.C. § 206(d)(1). The statute creates four exceptions to the rule against discrimination on the basis of sex: (1) a seniority system; (2) a merit system; (3) a system that measures earnings by quantity or quality of production; and (4) a differential based on any factor other than sex. *Id.*

Despite the early stage of the proceeding and the generic nature of the question, Nappi had a minimal obligation to inform Ms. Tourangeau whether it was asserting all four statutory exceptions in its third affirmative defense, some of them, or only one. Then, Ms. Tourangeau could have focused further discovery on Nappi's response and could have reviewed the information before the MHRC in light of Nappi's response. In addition, as discovery proceeded, Nappi had an obligation to supplement its response, FED. R. CIV. P. 26(d)(1), and there is no indication that it ever did so.

8

It is ironic that in its other filings, Nappi stands firmly on mandatory exclusion when it faults Ms. Tourangeau in her discovery responses:

> Therefore, pursuant to Rule 37(c), this Court must exclude evidence of the Plaintiff's alleged unpaid work during a vacation in 2015 in support of any of her claims at trial. *See* 37(c)(1); *Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 60 (1st Cir. 2002) (holding that "the required sanction in the ordinary case [for a late disclosure in violation of Rule 37] is mandatory preclusion") (quoting *Klonski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998)); *United States v. Philip Morris USA, Inc.*, 219 F.R.D. [198], 201 [(D.D.C. 2004)].

*Def. Nappi Distributors' Renewed Mot. in* Limine at 5 (ECF No. 165). If the Court applies the strict standard to Nappi that Nappi urges it to apply to Ms. Tourangeau, the Court would preclude Nappi from asserting any of its affirmative defenses.

Exclusion under Rule 37(c) is "serious business." *Alden v. Office Furniture Distribs. of New England*, No. 1:10-cv-00316-GZS, 2011 U.S. Dist. LEXIS 49819, at *9 (D. Me. May 9, 2011). Few litigants could not justifiably claim that an opposing party's responses to discovery, particularly contention interrogatories such as interrogatory three in this case, were not as fulsome as they should have been. But Rule 37(c) is not quite as rigid as Nappi elsewhere states and it does not provide that any inadequate response merits the ultimate sanction of exclusion:

> If a party failed to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information at a trial, unless the failure was substantially justified or harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>   (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
>   (B) may inform the jury of the party's failure; and

9

> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(iv).

FED. R. CIV. P. 37(c)(1). As this district has previously framed the inquiry, the question is whether the "tardy disclosure will significantly impact . . . the other party's ability to properly respond to the use of evidence . . . at trial." *Alden*, 2011 U.S. Dist. LEXIS 49919, at *9. It is, however, the obligation of the party that failed to provide adequate discovery "to show that its failure to comply with the Rule . . . was harmless and deserving of some lesser sanction other than mandatory exclusion." *Id.* (citing *Wilson v. Bradlees of New England*, 250 F.3d 10, 21 (1st Cir. 2001)).

In *Esposito v. Home Depot U.S.A.*, 590 F.3d 72 (1st Cir. 2009), the First Circuit noted that even if a party failed to make a timely disclosure, "a party is not allowed to use that witness . . . 'to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless.'" *Id.* at 77 (quoting FED. R. CIV. P. 37(c)(1)). At the same time, the First Circuit observed that "[p]reclusion . . . is not a strictly mechanical exercise." *Id.* (citation omitted). The *Esposito* Court listed the factors a trial court should consider when determining the appropriate sanction for late disclosure, absent exclusion:

> Where a district court does opt in favor of preclusion, we review that decision with reference to a host of factors, including: (1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects -- e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket.

*Id.*

Nappi points out that it elsewhere revealed in its discovery responses that when it reduced Ms. Tourangeau's commission rate, it elected to "grandfather" sales representatives hired or promoted before 2014. *Def.'s Opp'n* at 6. The Court agrees that it is a short step from this disclosure to the conclusion that this factual response relates to the "seniority system" defense under § 206(d)(1)(i). In addition, citing other discovery responses, Nappi contends that it elsewhere explained that "total annual compensation between wine sales representatives depends on numerous factors, including length of service, assigned sales routes, volumes of sales and value of products, geographic location, seasonality, the type of accounts within a sales route, and the degree of effort a sales representative applies to their route." *Id.* As with the seniority system affirmative defense, the Court agrees that these responses are consistent with the merit system and quantity or quality of production affirmative defenses in § 206(d)(1)(ii-iii). Nappi does not expressly address the "any other factor other than sex" affirmative defense under § 206(d)(1)(iv) and the Court assumes that it is not pressing this somewhat amorphous affirmative defense.

In sum, although Ms. Tourangeau demonstrated that Nappi's response to its contention interrogatory was inadequate, Nappi has satisfied the Court that its other discovery responses rendered harmless its hyper-technical and overly vague interrogatory response. This ruling applies to affirmative defenses under § 206(d)(1)(i-iii), but at trial, if Nappi asserts an "other factor" affirmative defense under § 206(d)(1)(iv), it will bear the laboring oar to present a convincing explanation for why its interrogatory response together with its response to the Plaintiff's motion

in limine should not result in preclusion. In conclusion, the Court does not consider Ms. Tourangeau's motion in limine to be "without merit" as Nappi sees it. To the contrary, Nappi's interrogatory response, particularly unsupplemented as discovery proceeded, constitutes a discovery violation. Nevertheless, because the violation is harmless, the Court concludes that no sanction should issue under Rule 37(c).

## IV.  CONCLUSION

The Court DISMISSES without prejudice the Plaintiff's Motion in Limine Regarding Affirmative Defense to Equal Pay Act Claim (ECF No. 143).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 21st day of February, 2023