UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHELE TOURANGEAU, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>) No. 2:20-cv-00012-JAW<br>NAPPI DISTRIBUTORS, )<br>)<br>  Defendant. ) | |

**ORDER ON DEFENDANT'S RENEWED MOTION IN LIMINE TO EXCLUDE EVIDENCE OF MICHELE TOURANGEAU'S 2015 VACATION**

In anticipation of trial, the employer filed a motion in limine to exclude evidence of the plaintiff's alleged 2015 unpaid vacation in support of any claim at trial. The Court dismissed the employer's motion in limine without prejudice, noting that it could not fairly rule on the issue without a fully developed record. The employer now files a renewed motion in limine, including discovery records, and once more asks the Court to exclude evidence of the plaintiff's alleged 2015 unpaid vacation. The employer contends that there is no meaningful record evidence of the alleged unpaid work, the failure to disclose was neither justified nor harmless, and any such evidence should be excluded as a sanction under Federal Rule of Civil Procedure 37. The employee responds that she had produced information concerning this claim during the discovery period and that the employer had actual knowledge that she was claiming damages from an unpaid vacation in 2015. Having considered the factors a trial court should consider when determining an appropriate sanction

for late disclosure, the Court concludes that because the plaintiff's violation is harmless, no sanction should issue under Rule 37(c).

## I. PROCEDURAL HISTORY

On January 3, 2023, the Court issued a final pretrial order, which set this case for jury selection on February 6, 2023 and for trial from February 27, 2023 through March 3, 2023. *Report of Final Pretrial Conference and Order* at 3 (ECF No. 116) (*Pretrial Order*). In its Pretrial Order, the Court set January 30, 2023 as the date by which any motions in limine must be filed and February 6, 2023 as the date by which any responses must be filed. *Pretrial Order* at 2.

On January 30, 2023, Nappi filed a motion in limine to exclude evidence of Ms. Tourangeau's 2015 vacation (ECF No. 124 at 14-17). On the same day, Ms. Tourangeau filed a motion to request a weeklong extension of the Court's scheduling order as set out in the Pretrial Order. *Mot. to Am. Procedural Order* (ECF No. 129). Over objection, the Court granted Ms. Tourangeau's motion on January 31, 2023 and extended the filing date for motions in limine to February 6, 2023 and for responses to February 13, 2023. *Order* (ECF No. 131).

On the same day, Nappi filed a motion for reconsideration asking the Court to "reconsider its January 31, 2023 Order on the Plaintiff's Motion to Amend Procedural Order" or alternatively "amend the January 31 Order to provide that the Plaintiff will have one week to prepare responses to Nappi's timely filed motions in limine." *Def. Nappi Distributors' Mot. to Reconsider Order on Mot. to Am. Procedural Order* (ECF No. 132) (*Mot. for Recons.*). On February 1, 2023, Ms. Tourangeau replied. *Pl.'s*

*Opp'n to Def.'s Mot. for Recons.* (ECF No. 134). Concluding that "justice would be better served if it had both the Plaintiff's and the Defendant's submissions so that it could make the correct rulings and prepare appropriate jury instructions" and that "the impact on Nappi [and the Court], although real, appeared manageable," the Court denied Nappi's Motion for Reconsideration. *Order Denying Mot. for Recons.* at 9-10 (ECF No. 136).

On February 13, 2023, Ms. Tourangeau filed her response to Nappi Distributors' motion in limine to exclude evidence of Ms. Tourangeau's 2015 vacation. *Pl.'s Resp. to Def.'s Mots. in Limine* at 13-14 (ECF No. 154). On February 16, 2023, the Court dismissed without prejudice Nappi's motion in limine to exclude evidence of Ms. Tourangeau's 2015 vacation. *Order on Def.'s Mot. in Lim. to Exclude Evidence of Michele Tourangeau's 2015 Vacation* (ECF No. 161).

On February 17, 2021, Nappi filed a renewed motion in limine to exclude evidence of Ms. Tourangeau's 2015 vacation. *Def.'s Nappi Distributors' Renewed Mot. in Lim.* (ECF No. 165) (*Def.'s Mot.*). On February 21, 2023, Ms. Tourangeau filed her response. *Pl.'s Resp. to Def.'s Mots. in Lim.* (ECF No. 170) (*Pl.'s Opp'n*).

## II. THE PARTIES' POSITIONS

### A. Nappi's Renewed Motion in Limine

Nappi contends that "there is a sufficient record for the Court to grant Nappi's request to exclude evidence of an alleged failure to pay the Plaintiff for work allegedly performed while she was on an unpaid vacation in 2015." *Def.'s Mot.* at 1. Nappi first explains that Ms. Tourangeau "does not allege in her Complaint that Nappi allegedly

3

failed to pay her for work performed while she was on an unpaid vacation in 2015 or that such an allegation was the basis for a claim." *Id.* Nappi next observes that Ms. Tourangeau did not mention her 2015 vacation in response to Interrogatories 17-21, which were designed to elicit such information. *Id.* at 2. Nappi then asserts that Ms. Tourangeau "never indicated that her claims were based on an allegation that she worked during an unpaid vacation but was not paid for that work or that she was seeking damages on such an allegation." *Id.*

Nappi contends that the first document ("Tourangeau0000398-399") Ms. Tourangeau alleges provides notice of this claim "does not suggest that she is making a claim for compensation for work performed during an unpaid vacation in 2015" and "is nothing more than a spreadsheet, which in no way indicates or reflects" such a claim. *Id.* at 3. Nappi further contends that the second document ("Tourangeau 250-256") Ms. Tourangeau alleges provides notice of this claim does not address either "the alleged factual basis for the claim . . . or that the Plaintiff was asserting such a claim in this case." *Id.* at 4. Finally, Nappi argues that "the Court should reject the Plaintiff's suggestion that her claim for compensation for work performed during an unpaid vacation was 'outlined and discussed during the Judicial Settlement Conference' . . . [because] the parties were required to submit their position statements *in camera*." *Id.* Nappi concludes that it was "deprived of an opportunity to investigate this allegation throughout the course of discovery and was blindsided when that allegation became the subject of her defense to summary judgment,"

4

amounting to "unfair surprise that has significantly prejudiced Nappi's ability to defend this claim." *Id.* at 5.

### B. Michele Tourangeau's Opposition

In response, Ms. Tourangeau insists that in addition to her claim for unpaid wages from her vacation during February 2015 having been "outlined and discussed in detail during the Judicial Settlement Conference," she produced "documents bates numbered TOURANGEAU0000398-399 reflecting sales and commissions through February 28, 2015 . . . [and] text messages between herself and Ian Brown related to the unpaid time working when Ian Brown's wife went into labor early in February 2015, bates numbered TOURANGEAU 250-256." *Pl.'s Opp'n* at 1-2. Ms. Tourangeau contends that Nappi "received these documents before Ms. Tourangeau's second deposition on August 19, 2021, but chose not to ask her about the text messages." *Id.* at 2. Ms. Tourangeau further contends that "[t]hese issues were also the subject of Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment," Nappi "did not request to seek additional information related to this claim," and Nappi "is not prejudiced and there will be no surprise at trial because Defendant is in possession of all the information related to Plaintiff's claim." *Id.* at 2.

## III. DISCUSSION

Ms. Tourangeau's settlement conference discovery defense is problematic. As the Court understands the settlement procedure, Ms. Tourangeau's November 27, 2020 Judicial Settlement Conference Statement and Demand would have been submitted ex parte and therefore Nappi would not have had direct access to it. *Order*

*Setting Settlement Conf.* at 1-2 (ECF No. 18) ("The parties shall submit to Judge Nivison, **on or before November 27, 2020,** an in camera statement . . . **The statements are not to be provided to opposing counsel . . ..**").

Also, although the Court accepts Ms. Tourangeau's statement that her 2015 unpaid wage claim was discussed in detail with Magistrate Judge Nivison, who presided over the settlement conference, the contents of a judicial settlement conference are necessarily confidential, Ms. Tourangeau cannot know what Magistrate Judge Nivison discussed with Nappi, and the facts revealed during a settlement session would not be generally admissible as evidence at trial. FED. R. EVID. 408.

The Court views Ms. Tourangeau's references to the settlement discussions as context for Nappi's follow-up in which Nappi sent a request for production of documents, requesting:

> All communications in any format (letters, emails, text messages, instant messages, etc.) with any present or former employees of Nappi Distributors concerning coverage or servicing of your route during periods in which you were on leave from work at Nappi Distributors. For purpose of this Second Request for Production, leave includes all leaves of absence, including but not limited to leave pursuant to paid time off benefits or disability leave.

*Pl.'s Opp'n* at 2. In response to this request for production of documents, on May 10, 2021, Ms. Tourangeau produced documents bates numbered TOURANGEAU0000398-399, reflecting sales and commissions through February 28, 2015, and TOURANGEAU 250-256, containing text messages between Ms. Tourangeau and Ian Brown in February 2015. As the Court will discuss, these

6

documents contain sales and commissions through February 28, 2015 and text messages between the Plaintiff and Ian Brown. Thus, the Court has focused on what Ms. Tourangeau produced during discovery, not what may or may not have been provided or discussed during settlement sessions.

The Court agrees with Nappi that there is no claim for 2015 unpaid vacation in Ms. Tourangeau's complaint and Ms. Tourangeau failed to mention this claim in her June 5, 2020 response to Nappi's interrogatory seventeen. The Court also agrees that Ms. Tourangeau should have been more careful in supplementing her discovery responses. Even so, Ms. Tourangeau produced a series of emails between Mr. Brown and Ms. Tourangeau on May 10, 2021, which make sense only in the context of her claim of unpaid vacation in 2015. *See Pl.'s Resp. to Def.'s Mots. in Limine*, Attach. 2, *Texts with Ian Brown Feb. 2015* (ECF No. 154).

In the Court's view, Nappi's motion is much like Ms. Tourangeau's motion to exclude Nappi's affirmative defenses under the Equal Pay Act, where subsequent events confirm that Nappi has long known that Ms. Tourangeau was asserting unpaid vacation in 2015. *See Order on Pl.'s Mot. in Limine to Preclude Test. Regarding Affirmative Defense to Equal Pay Act Cl. Beyond What was Submitted to Me. Human Rights Comm'n* (ECF No. 169). In its November 29, 2022 Order on Motion for Summary Judgment, the Court discussed Ms. Tourangeau's unpaid vacation claim:

> **E.    Michele Tourangeau's 2015 Vacation**
>
> In December of 2015, Ms. Tourangeau went on vacation to Florida, but she was not yet eligible for paid vacation. PSAMF ¶ 70; DRPSAMF ¶

> 70. During this time, Mr. Brown agreed to cover Ms. Tourangeau's route. PSAMF ¶ 70; DRPSAMF ¶ 70. However, Mr. Brown's wife went into labor so he called Ms. Tourangeau and told her she would have to do what she could from Florida. PSAMF ¶ 71; DRPSAMF ¶ 71. Ms. Tourangeau worked during her unpaid vacation. PSAMF ¶ 72; DRPSAMF ¶ 72. When Ms. Tourangeau returned to work, she discussed with Mr. Carr that because of the circumstances she had worked during her vacation without pay. PSAMF ¶ 73; DRPSAMF ¶ 73. Mr. Carr told Ms. Tourangeau that it was messed up that she would have to work without pay but did not do anything to rectify the situation. PSAMF ¶ 74; DRPSAMF ¶ 74.

*Order on Mot. for Summ. J.* at 34-35 (ECF No. 106).[1] Based on what has been available to it since January 10, 2020, when Ms. Tourangeau filed her additional statement of material facts, *Pl.'s Opposing and Additional Statement of Material Facts in Opp'n to Summ J.* (ECF No. 85), Nappi knew the details of Ms. Tourangeau's 2015 unpaid vacation claim as the Court later set forth in its order on the motion for summary judgment, and the Court is deeply skeptical of Nappi's claim that it has been "blindsided" by Ms. Tourangeau's claim of unpaid vacation in 2015. Furthermore, if Nappi truly needed additional discovery on this narrow factual assertion, Nappi could have returned to the Court, sought a limited period of additional discovery, a motion the Court likely would have granted. Instead, it elected to wait and see if it could get the evidence excluded at trial. This is despite the fact that the Court expressly asked counsel at the final pretrial conference whether any additional discovery was necessary.

As the Court observed in its February 21, 2023 order, exclusion under Rule 37(c) is "serious business." *Alden v. Office Furniture Distribs. of New England*, No.

---

[1] The Court has omitted the footnotes from this section of the order.

1:10-cv-00316-GZS, 2011 U.S. Dist. LEXIS 49819, at *9 (D. Me. May 9, 2011). Few litigants could not justifiably claim that an opposing party's responses to discovery, particularly contention interrogatories such as interrogatory three in this case, were not as fulsome as they should have been. But Rule 37(c) does not provide that any inadequate response merits the ultimate sanction of exclusion:

> If a party failed to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information at a trial, unless the failure was substantially justified or harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(iv).

FED. R. CIV. P. 37(c)(1). As this district has previously framed the inquiry, the question is whether the "tardy disclosure will significantly impact . . . the other party's ability to properly respond to the use of evidence . . . at trial." *Alden*, 2011 U.S. Dist. LEXIS 49919, at *9. It is, however, the obligation of the party that failed to provide adequate discovery "to show that its failure to comply with the Rule . . . was harmless and deserving of some lesser sanction other than mandatory exclusion." *Id.* (citing *Wilson v. Bradlees of New England*, 250 F.3d 10, 21 (1st Cir. 2001)).

In *Esposito v. Home Depot U.S.A.*, 590 F.3d 72 (1st Cir. 2009), the First Circuit noted that even if a party failed to make a timely disclosure, "a party is not allowed to use that witness . . . 'to supply evidence . . . at a trial, unless the failure was

9

substantially justified or is harmless.'" *Id.* at 77 (quoting FED. R. CIV. P. 37(c)(1)). At the same time, the First Circuit observed that "[p]reclusion . . . is not a strictly mechanical exercise." *Id.* (citation omitted). The *Esposito* Court listed the factors a trial court should consider when determining the appropriate sanction for late disclosure, absent exclusion:

> Where a district court does opt in favor of preclusion, we review that decision with reference to a host of factors, including: (1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects -- e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket.

*Id.*

The Court is applying to Nappi the same standards the Court applied to Ms. Tourangeau when she sought to exclude evidence based on Nappi's discovery violation. In sum, although Nappi demonstrated that Ms. Tourangeau's responses to its relevant interrogatories were inadequate, Ms. Tourangeau has satisfied the Court that her other discovery materials rendered harmless her failure to explicitly disclose her intention to seek unpaid wages from her 2015 vacation. In conclusion, although the Court determines that Ms. Tourangeau's failure to properly disclose information regarding work performed during and wages sought for her 2015 vacation period constitutes a discovery violation, because the violation is harmless and Nappi later had actual knowledge of the claim, the Court concludes that no sanction should issue under Rule 37(c).

## IV. CONCLUSION

The Court DENIES the Defendant's Renewed Motion in Limine to Exclude Evidence of Ms. Tourangeau's 2015 Vacation (ECF No. 165).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of February, 2023