UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MICHELE TOURANGEAU,           )
                              )
      Plaintiff,             )
                              )
v.                            )
                              )   No. 2:20-cv-00012-JAW
NAPPI DISTRIBUTORS,           )
                              )
      Defendant.             )

## SPECIAL VERDICT FORM

### Equal Pay Act

1. Has Plaintiff Michele Tourangeau proven, by a preponderance of the evidence, that Defendant Nappi Distributors paid her less than at least one male wine sales representative engaged in work requiring substantially equal skill, effort, and responsibility and performed under similar working conditions?

   Yes __✓__ No_____

   *(If you have answered Yes to question 1, please answer Question 2. If you have answered No, skip to Question 6.)*

2. Has Nappi Distributors proven, by a preponderance of the evidence, that the differential in pay between Ms. Tourangeau and the comparable male employee(s) was due to quantity or quality of production and/or to a business decision, such as adjusting its payroll to reflect industry standards, not based on gender?

   Yes __✓__ No_____

   *(If you have answered No to question 2, please answer Question 3. If you have answered Yes, skip to Question 6.)*

3. Has Michele Tourangeau proven by a preponderance of the evidence that Nappi Distributors' violation of federal law by discriminating against her on the basis of sex was willful?

   Yes _____ No_____

Page **1** of **4**

*(If you have answered No to question 3, skip to Question 5. If you have answered Yes, please answer Question 4.)*

4. What amount of economic damages do you award Plaintiff Michele Tourangeau to compensate her for lost pay and/or benefits that she would have received from Nappi Distributors from January 10, 2017 until today, if sex discrimination had not occurred?

    Please answer in figures: $_____

*(When you have answered Question 4, please skip to Question 6.)*

5. What amount of economic damages do you award Plaintiff Michele Tourangeau to compensate her for lost pay and/or benefits that she would have received from Nappi Distributors from January 10, 2018 until today, if sex discrimination had not occurred?

    Please answer in figures: $_____

*(Please proceed to Question 6.)*

## Title VII, Pregnancy Discrimination Act, Maine Human Rights Act, and Retaliation

6. Has Ms. Tourangeau proven, by a preponderance of the evidence, that Nappi Distributors discriminated against her because of her sex, pregnancy, childbirth, or related medical condition?

    Yes _____ No ✓

*(Please proceed to Question 7.)*

7. Has Ms. Tourangeau proven, by a preponderance of the evidence, that Nappi Distributors retaliated against her because she engaged in protected activity by complaining about unequal pay, pregnancy discrimination, or gender discrimination?

    Yes _____ No ✓

*(If you answered Yes to either Question 6, Question 7, or both, please proceed to Question 8. If you answered No to Questions 6 and 7, skip to Question 9.)*

8. What amount of compensatory damages do you award Plaintiff Michele Tourangeau for sex-based discrimination and/or retaliation under Title VII, the Equal Pay Act, or the Pregnancy Discrimination Act?

Please answer in figures: $_____

*(Please proceed to Question 9.)*

### Maine Timely and Full Payment of Wages

9. Has Plaintiff Michele Tourangeau proven by a preponderance of the evidence that Nappi Distributors owes her unpaid wages under the Maine Timely and Full Payment of Wages law?

    Yes _____ No __✓__

*(If you have answered Yes to Question 9, please answer Question 10. If you have answered No to Question 9, skip to Question 11.)*

10. What amount of unpaid wages do you find that Nappi Distributors owes Plaintiff Michele Tourangeau?

    Please answer in figures: $___0_____

*(Please proceed to Question 11.)*

### Quantum Meruit and Unjust Enrichment

11. Has Plaintiff Michele Tourangeau proven, by a preponderance of the evidence, that she rendered services to Defendant Nappi Distributors with its knowledge and consent and that the circumstances made it reasonable for Ms. Tourangeau to expect to receive compensation for work performed?

    Yes _____ No __✓__

*(If you have answered Yes to Question 11, please answer Question 12. If you have answered No to Question 11, skip to Question 13.)*

12. What amount of economic damages for services rendered to Nappi Distributors do you award Plaintiff Michele Tourangeau on her claim for quantum meruit (breach of implied contract)?

    Please answer in figures: $_____

*(When you have answered Question 12, please skip to Question 15.)*

13. Has Plaintiff Michele Tourangeau proven, by a preponderance of the evidence, that she conferred a benefit on Defendant Nappi Distributors, Nappi Distributors had appreciation or knowledge of that benefit, and the acceptance or retention of that benefit was under such circumstances as to make it inequitable for Nappi Distributors to retain the benefit without payment of its value?

   Yes _____   No __✓__

(If you have answered Yes to Question 13, please answer Question 14. If you have answered No, skip to Question 15.)

14. What amount of economic damages for work performed do you award Plaintiff Michele Tourangeau on her claim for unjust enrichment?

   Please answer in figures: $_____

(Please proceed to Question 15.)

### Total Damages Award to Michele Tourangeau

15. Please state the total amount of damages you award Plaintiff Michele Tourangeau:

   Please answer in figures: $  0.00

Please sign and date the form.

Date:  3/3/23

Time:  20:15

Signature Redacted – Original on file with the Clerk's Office